CARLSON v. UNITED STATES.
No. 48 C 1146.

United States District Court
N. D. Illinois, E. D.
Oct. 21, 1949.

338

Crane, Kearney, Korzen & Phelan, Chicago, Ill., for plaintiff.

Otto Kerner, Jr., U. S. Atty., Northern District of Illinois, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This is an action under the Federal Tort Claims Act. Plaintiff allegedly broke several bones in her ankle when she slipped and fell in the Lake View Post Office in the City of Chicago. Plaintiff originally filed her claim with the Post Office Department for $2,500. The Office of the Solicitor informed her that it had no jurisdiction of claims in excess of $1,000, and advised her that if she would reduce her claim within the jurisdictional amount, the department would then adjudicate it on the merits. Plaintiff replied that she was willing to re-

duce the claim to $1,000, but stated that it was with the understanding that it would not prejudice her right to file suit in the District Court. The claim was subsequently rejected, and plaintiff now brings this action, seeking damages in the sum of $20,-000. Throughout the course of the transactions with the Post Office Department, plaintiff was represented by counsel. The Government moves to dismiss the claim insofar as the recovery of damages in excess of $1,000 is sought.

 The Government's motion must be granted. Section 2675(b) of Title 28 states: "The claimant, however, may, upon fifteen days written notice, withdraw such claim from consideration of the federal agency and commence action thereon. Action under this subsection shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

Plaintiff could not, of her own volition, attach conditions to her claim which would vary the express language of the statute. Since the statute constitutes a limited waiver of sovereign immunity, it must be construed strictly, and no power is given to claimants to alter their substantive or procedural rights thereunder. The increased amount sought here is certainly not based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim. Nor is the Court of the opinion that reduction of the claim before the Post Office Department constituted an "intervening fact" within the contemplation of the statute.

 It might be contended, although it was not asserted by the plaintiff, that the limitation on the amount applies only where the claim is withdrawn from consideration by the federal agency and has no application where the claim has been disposed of by the agency. However, the old sec-

tion 931(b), upon which 2675(b) is based, states: "Provided further, That as to any claim so disposed of or so withdrawn * * *" the amount may not be increased in a court action. There is no indication in the Reviser's Notes that any substantive change was intended in the amended section. Since a claimant may not vary his claim after withdrawing it, it would appear, a fortiori, that he cannot vary it after disposition by the agency.

Government's motion to dismiss the complaint insofar as the recovery of damages in excess of $1,000 is sought is granted, and the same is accordingly dismissed.