REARDON et al. v. UNITED STATES.

Civ. A. No. 7979.

United States District Court
D. Massachusetts.

Nov. 7, 1949.

Joseph P. Graham, Boston, Mass., for Walter Nickerson Intervenor.

Abraham Margolis, Boston, Mass., Rosen & Wein, Boston, Mass., for plaintiffs.

George F. Garrity, U. S. Atty., Charles J. Kalinauskas, Asst. U. S. Atty., Boston, Mass., for defendant.

McCARTHY, District Judge.

This is a motion to dismiss in an action brought against the United States in accordance with the provisions of the Federal Tort Claims Act, Act of August 2, 1946, Chapter 753, § 401 et seq., 60 Stat. 842, as amended, 28 U.S.C.A. § 2671 et seq.

The plaintiff Charles W. Reardon, Jr. brought this action on November 8, 1948.

37. This would effect in excess of 9,000 closing machines.

Thereafter the plaintiff Walter Nickerson was allowed to intervene under Rule 24 (b) (2), Federal Rules of Civil Procedure, 28 U.S.C.A.—. The motion to dismiss, however, is directed to the complaint of the plaintiff Reardon.

The ground of the motion is that the plaintiff presented a claim in the sum of $450.00 for the same cause to the Post Office Department, a federal agency, on May 25, 1948, and subsequently filed this complaint demanding judgment in the sum of $750. The United States contends that this was a contravention of the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 2675(b), which provides that action shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency unless certain exceptional circumstances, not alleged here, have intervened.

This motion raises the same problem as that involved in the recent case of Siciliano v. United States, D.C., 85 F.Supp. 726, 731. In that case prior to filing suit in the District Court the plaintiffs Nellie Siciliano and Anthony Siciliano had sought administrative relief under 28 U.S.C.A. § 2672. These original claims were in the sums of $70.00 and $485.96 respectively. But subsequent actions were brought for amounts in excess of the sums so claimed. The United States sought to dismiss, urging that 28 U.S.C.A. § 2675(b) was a bar to recovery. The court did not allow the motion, stating that Nellie and Anthony Siciliano were "limited to the original amount claimed". 85 F.Supp. 726, 731. The case went to judgment.

It seems to me that this is a sound result. To dismiss a complaint on which a judgment of $450.00 might legally be entered merely because the "ad damnum" exceeds the amount so recoverable would be "extremely harsh". See Bay State Crabmeat Co. v. United States, D.C.Mass., 78 F.Supp. 131. I believe that Congress intended to bar recovery of an amount in excess of the claim filed under 28 U.S.C.A.

§ 2672, but I cannot conceive that it intended to outlaw altogether an action otherwise properly brought under the Tort Claims Act merely because the amount sought was greater. Implicit in the larger amount which cannot be recovered is the smaller amount which may be awarded. See, for analogy, Dimick v. Schiedt, 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603, 95 A.L.R. 1150. To dismiss this action now would be to frustrate the purpose of the Act rather than to effectuate it.

I concur in the spirit and result of the Siciliano case. Defendant's motion to dismiss is denied.

Plaintiff has moved to amend its complaint, reducing the amount sought from $750.00 to $450.00. Since it cannot recover, in any event, more than $450.00, Siciliano v. United States [1], supra, the motion is unnecessary. To clarify the record and facilitate the trial, however, it is allowed.

1. For other cases involving the same general problem as this case see Craun v. United States, D.C., 78 F.Supp. 840; Cerri v. United States, D.C., 80 F.Supp. 831; Marino v. United States, D.C., 82 F.Supp. 190.