**MENCLEWICZ et al.**

v.

**UNITED STATES.**

Civ. A. No. 5862.

United States District Court
W. D. New York.

Nov. 25, 1953.

Paul J. Cassidy, Buffalo, N. Y., for plaintiffs.

John O. Henderson, U. S. Atty., Buffalo, N. Y., by Richard E. Moot, Asst. U. S. Atty., Buffalo, N. Y., for defendant.

KNIGHT, Chief Judge.

The Government has moved "to dismiss the cause of action brought by plaintiff Service Fire Insurance Company of New York because the complaint fails to state a claim by that party against defendant upon which relief can be granted on the grounds that the claim of that party exceeds $1,000 and was not brought within two years from the date upon which it accrued, as required by Section 2401, Title 28, U.S.C."

The complaint does not allege that the claim was reduced from an amount in excess of, to a claim for $1,000, except by inference in paragraph 12 of the complaint that the claim was being considered "pursuant to Section 2675 of the Federal Tort Claims Act, * * *."

On the argument and by the briefs which have been submitted it appears that the parties are not misled; that the amount of the insurance company's claim has been reduced to $1,000 and that no recovery in this action can be had thereon in excess of the reduced amount. Corkle v. United States, D.C., 94 F.Supp. 908. Nor may an action be brought for any sum in excess of the amount of the claim presented to the agency. Tort Claims Act, 28 U.S.C.A. § 2675; Corkle v. United States, supra.

The action here was brought by the filing of the complaint on September 2, 1953. The claims were filed with the Post Office Department some time prior to April 1, 1952, as the result of defendant's mail truck having struck and damaged the automobile of plaintiff Menclewicz which was insured for collision by plaintiff Service Fire Insurance Company. On October 21, 1952, the insurance company reduced its claim of $1,-160 to $1,000 pursuant to advice from the Solicitor of the Post Office Depart-

848

ment. After long delay by the Post Office Department in making a final disposition of the claim, the insurance company withdrew its claim by letter dated May 5, 1953. The present motion is against the claim of the insurance company, no motion having been made against the individual defendant's claim.

Under the circumstances to dismiss the action as to the insurance company now would seem to take the very substance from the Tort Claims Act. The defendant apparently agrees that if the allegations of the complaint showed the facts as to the reduction of the amount of the claim to $1,000, then the complaint would be adequate. Upon the trial, the evidence of the reduction would be admissible to limit the amount of the recovery to $1,000. Since the recovery by the insurance company, in any event, cannot be more than $1,000, the motion is unnecessary. Reardon v. United States, D.C., 87 F.Supp. 35; Corkle v. United States, supra. To dismiss for lack of jurisdiction a pleading which does not with sharpness state the amount actually recoverable but whose recovery is fixed and subject to proof, would be extremely harsh.

The Government relies upon Anderegg v. United States, 4 Cir., 171 F.2d 127 and Marino v. United States, 82 F.Supp. 190. Examination of those citations reveals that they are easily distinguished from the case at bar and are not helpful in its disposition.

The period of time consumed during consideration by the appropriate Federal agency does not bar the bringing of suit until the expiration of six months after the date of the withdrawal of the claim from the agency. 28 U.S.C.A. § 2401.

For the purpose of clarifying the record and to facilitate the trial, defendant's motion is denied, and plaintiffs are granted leave to amend the complaint within ten days to show the amount sought by the plaintiff Service Fire Insurance Company to be $1,000.

So ordered.