Bernard M. **GORDON**

v.

**UNITED STATES of America.**

Civ. A. No. 54–798–A.

United States District Court,
D. Massachusetts.

March 4, 1955.

———————

Louis J. Gordon, Springfield, Mass., for plaintiff.

Oscar S. Burrows, Asst. U. S. Atty., Boston, Mass., for defendant.

ALDRICH, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 et seq., for injury to the plaintiff's person and damage to his automobile. The amount of the claim is $2,500. The defendant has filed what amounts to a motion to reduce the ad damnum. On the record the motion is premature, but the plaintiff has expressed a wish that I pass on the question involved at this time, and has stipulated that I consider therewith two letters passing between him and an Army claims officer, along with certain statements of counsel.

The following undisputed facts are accordingly before me. In October 1952 there was a collision between the plaintiff's car and an Army vehicle. In December the plaintiff submitted to the proper officer at the Army Post Claims Office a claim in the amount of $1,265 on an appropriate claim form. All but about $100 of this was for injury to the car; the rest being for medical expenses and loss of wages. The claims officer replied to this claim, stating that there was no power to consider claims administratively if they were in excess of $1,000; that if the plaintiff wished to maintain his claim in the amount originally stated he would have to bring suit in this court or, if he wished, he might refile his claim with the Claims Office in an amount less than $1,000. This letter was sent to the plaintiff in July 1953, and the same month he replied. He stated that he felt litigation would be slow and perhaps expensive and that he was prepared to waive a certain portion of his property damage claim. He submitted a new set of forms "to reactivate my claim." These omitted certain property items but were in other respects the same as before. The omission resulted in the total claim being reduced to $956.-77.

Thereafter the plaintiff's claim was denied on the grounds that he was contributorily negligent. He appealed to the Secretary of the Army. The appeal was dismissed in November, 1953. In October, 1954 he brought this suit.

 The second, or amended claim, in July 1953 was duly filed under Title 28 U.S.C.A. § 2672. It was presented to a federal agency and fell within the description of § 2675(a), and, consequently could not be sued on until final disposition by the agency. More than that, it then became subject to the limitations imposed by § 2675(b). I believe that the second sentence of § 2675(b) relates to the whole section, and not simply to subsection (b); in other words, that it applies not only to voluntarily withdrawn claims, but also to claims that have been denied. No offer was made that there have been newly discovered evidence or intervening facts relating to the amount of the claim. The plaintiff hence is prevented by Title 28, § 2675(b) from maintaining the present action for a principal amount in excess of $956.77. The argument that the government is estopped by reason of the fact that the officer suggested reducing the claim does not even get off the ground. His letter of July, 1953 clearly offered the plaintiff both alternatives. The plaintiff exercised a free untrammelled choice.

Accordingly, I grant the defendant's motion by ordering that the principal amount of the plaintiff's claim be reduced to $956.77. Corkle v. United States, D.C. E.D.S.Car., 94 F.Supp. 908; Morgan v. United States, D.C.S.D.N.Y., 123 F.Supp. 794.