**UNITED STATES of America, Appellant,**

v.

**Grover ALEXANDER, Appellee.**
**No. 15999.**

United States Court of Appeals
Fifth Circuit.

Nov. 2, 1956.

Alan S. Rosenthal, Atty. Dept. of Justice, Paul A. Sweeney, Chief, Appellate Section Dept. of Justice, Washington, D. C., James W. Dorsey, U. S. Atty., Charles D. Read, Jr., Asst. U. S. Atty., Atlanta, Ga., George Cochran Doub, Asst. Atty. Gen., for appellant.

Sidney O. Smith, Jr., Gainesville, Ga., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

On July 13, 1954, the appellee, Grover Alexander, was in a collision between a motorcycle he was riding and a truck belonging to Soil Conservation Service of the United States Department of Agriculture and operated by one of its employees. The appellee sustained, in addition to lesser injuries, a broken arm and a dislocated shoulder. On August 25, 1954, the appellee filed an administrative claim with the Soil Conservation Service for $984.50, pursuant to the authorization of 28 U.S.C.A. § 2672. When the claim was filed and for a time thereafter it was not known whether the appellee's shoulder would mend without surgery. On this the Government was informed, with the advice that if surgery was required the claim would probably exceed the limit ($1,000.00) authorized for administrative settlement. The appellee, in response to an inquiry from the Government, stated that he was not withdrawing his claim and, on September 15, 1954, requested an opinion in regard to payment of the figure already presented. During the early part of January, 1955, the appellee's shoulder improved and the need for surgery seemed less likely.

The Government disallowed the appellee's claim on January 25, 1955, on the asserted ground that the accident was caused solely by appellee's negligence. On April 16, 1955, the appellee brought suit under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). Damages were sought in the amount of $5,792.76, of which $292.76 was for medical expense and $500.00 was for loss of earnings. The answer of the Government, filed June 11, 1955, denied any negligence of the driver of the Government vehicle and pleaded the appellee's negligence as the cause. As a separate defense the Government asserted that under 28 U.S.C.A. § 2675(b) recovery should be limit-

ed to the amount of the claim. The appellee then amended his complaint by alleging that subsequent to the filing of the administrative claim it was discovered that his shoulder was not responding to treatment, had become aggravated, and an operation would be required. The case was tried on October 24, 1955, before the Court without a jury. The appellee's doctor testified that he thought at first that appellee's shoulder would heal without surgery but that in September or October of 1954 it was ascertained that surgery would be necessary to correct the shoulder condition. The Court made findings of fact and conclusions of law. It was found that the Government driver and the appellee were both negligent, the latter less so than the former. The Court applied the Georgia comparative negligence rule and by it scaled the appellee's allowable damage down to $1,500.00. In the findings of the Court is the following:

"The plaintiff filed an administrative claim with the Soil Conservation Service of the United States Department of Agriculture on August 25, 1954, and in that claim he claimed a total amount in damages of $984.50 and at the time plaintiff did not know that his shoulder injury would not correct itself and would require surgery to correct it. However, in September or October, after the filing of his administrative claim, he was reexamined by Dr. Burns and at that time he was told that an operation was necessary and that his shoulder would not get well without it."

Under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), and related sections, the Congress has waived the immunity of the United States from suit "for money damages * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b), 28 U.S.C.A. § 2674.

The Act provides for the administrative adjustment of claims not exceeding $1,000 by each head of a Federal agency or his designee. 28 U.S.C.A. § 2672. The statutory provision with which we are here concerned provides:

"(a) An action shall not be instituted upon a claim against the United States which has been presented to a federal agency, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his authority, unless such federal agency has made final disposition of the claim.

"(b) The claimant, however, may, upon fifteen days written notice, withdraw such claim from consideration of the federal agency and commence action thereon. Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C.A. § 2675.

The Court concluded that the amount claimed in the action in excess of the amount of the claim as presented to the federal agency was based upon the allegation and proof of intervening facts relating to the amount of the claim which were not reasonably to be anticipated at the time it was filed, and that plaintiff was not, under the facts, limited to the amount of the claim presented. So concluding, the Court entered judgment for the plaintiff and against the Government for $1,500.00. The Government appeals,

and on appeal urges that it was error to enter judgment in an amount exceeding that sought in the administrative claim. Our decision depends upon the construction of the quoted statute.

■ By a note appended to its opinion in United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, decided in 1951, the Supreme Court sets forth the legislative history of the Act as reviewed by Government counsel in that case. By its opinion the Supreme Court held that the Act is to be liberally construed. The rule of strict construction, applicable to other statutes waiving governmental immunity, does not apply to the Federal Tort Claims Act. O'Toole v. United States, 3 Cir., 1953, 206 F.2d 912. See Somerset Seafood Co. v. United States, 4 Cir., 1951, 193 F.2d 631. This Court has said that the Act, as an immunity statute, was subject to the strict construction rule. Hubsch v. United States, 5 Cir., 1949, 174 F.2d 7, remanded 338 U.S. 440, 70 S.Ct. 225, 94 L. Ed. 244, dismissed on motion of petitioner 340 U.S. 804, 71 S.Ct. 35, 95 L.Ed. 590. The view expressed in the Hubsch case must yield to the rule thereafter announced by the Supreme Court in United States v. Yellow Cab Co., supra.

■ We find nothing in the legislative history of the Act that gives us a guide to the application of the pertinent provisions of the Act in a determination of the question before us. While the provisions of the section might have been more artfully drawn, we do not find the meaning and intent to be obscure. An administrative claim cannot be allowed for an amount exceeding $1,000. If the claim be allowed the award is a final settlement. 28 U.S.C.A. § 2672. While a claim is pending before a federal agency it may be withdrawn on fifteen days' notice. There can be no suit upon a claim presented to a federal agency until it be disposed of or withdrawn. There can be no recovery by suit where the claim has been disposed of by rejection or disallowance, or where the claim has been withdrawn before being disposed of, in excess of the amount for

which the administrative claim was filed unless it is shown that the increased amount is based either upon newly discovered evidence not reasonably discoverable at the time of presenting the claim, or upon the allegation and proof of intervening facts, relating to the amount of the claim. 28 U.S.C.A. § 2675. The provision of § 2675(b) that in the event of newly discovered evidence or intervening facts a suit may be brought for an amount exceeding the administrative claim applies where there has been a disposition of the claim under § 2675(a) by rejection or disallowance as well as where the claim is withdrawn as permitted by § 2675(b). Gordon v. United States, D.C.Mass.1955, 129 F. Supp. 371. This is shown by an amendment in 1949 of § 2675(b) substituting "this section" for "this sub-section", 63 Stat. 99, 107. The change was made, according to the report of the House Judiciary Committee, to correct a typographical error. 1949 U.S.Code Cong. Service 1248, 1274.

■ Counsel for the Government call to our attention a number of cases where district courts have rejected endeavors by claimants who, after filing claims with federal agencies, sought greater recovery by judicial action than was asserted in their administrative claims. Reardon v. United States, D.C.Mass. 1949, 87 F.Supp. 35; Carlson v. United States, D.C.N.D.Ill.1949, 88 F.Supp. 337; Corkle v. United States, D.C.E.D.S.C. 1951, 94 F.Supp. 908; Menclewicz v. United States, D.C.W.D.N.Y.1953, 116 F.Supp. 847; Morgan v. United States, D.C.S.D.N.Y.1954, 123 F.Supp. 794, 798; and Gordon v. United States, supra. But it is to be noted that in none of these cases did the trial court find that there was either newly discovered evidence not reasonably discoverable at the time of presenting the administrative claim or the allegation and proof of intervening facts relating to the amount of the claim. In none of these cases would there have been a finding justified that would have removed the restriction upon the amount of the recovery. In Morgan

v. United States, supra, the plaintiff testified that when he filed his claim he " 'did not know that his condition would last so long' " but, as the trial judge observed, he made no effort to find out before he filed his claim. The court concluded that the plaintiff's condition and the seriousness of it could have been discovered with reasonable diligence. The Government points to Phillips v. United States, D.C.E.D.Tenn.1952, 102 F.Supp. 943, as the only reported case where, in a judicial action, recovery has been permitted in an amount exceeding the administrative claim. There the injury became worse after the claim was filed than was contemplated at the time it was filed. In the Morgan case, supra, the Court commented that "Certainly, here was a case where plaintiff's condition could not reasonably have been discovered at the time of the filing of the claim." 123 F.Supp. 797. The same observation might be made of the case here considered.

In the case before us the evidence supported the finding that the plaintiff-appellee did not know when his administrative claim was presented that his shoulder would not heal without surgery. This could not have been ascertained at the time the claim was presented. It was not then known to the appellee nor to the doctor who examined and treated him. In the conclusions of the district court it was stated that:

> "The amount here claimed in excess of the amount of the claim presented to the federal agency is based upon the allegation and proof of intervening facts relating to the amount of the claim which were not reasonably to be anticipated at the time of filing the claim, and plaintiff is not, under the facts here, limited to the amount of the claim presented."

It may be that in the absence of any knowledge on the part of the plaintiff, at the time of the filing of the administrative claim, that his shoulder would not heal without surgery and the impossibility of then acquiring such knowledge at the time of presenting the claim, the subsequent ascertainment of such knowledge should be treated under the category of newly discovered evidence rather than as intervening facts. It is clearly one or the other and, being so, the plaintiff is not limited in his recovery to the amount of his administrative claim. There is no error. The judgment is

Affirmed.