Maggie Razor COLE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 1815.

United States District Court
E. D. Virginia,
Norfolk Division.

Feb. 18, 1959.

Howard I. Legum, Norfolk, Va., for plaintiff.

John M. Hollis, U. S. Atty., Norfolk, Va., for defendant.

WALTER E. HOFFMAN, District Judge.

Plaintiff instituted this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), on July 12, 1954, seeking damages in the sum of $20,000 for personal injuries allegedly sustained on September 26, 1953, when the flooring of a porch in a dwelling house, owned, operated and controlled by defendant, gave way and caused the plaintiff, an occupant of said dwelling house, to fall.

The accident was verbally reported to the Housing Manager of the project within a few days thereafter. Subsequently, plaintiff's son secured a form for the purpose of filing an administrative claim, which form was completed and signed by plaintiff. The claim was dated December 1, 1953, although it was apparently not delivered to the housing management for some weeks thereafter. In every respect the claim in the sum of $381 was regular except that the words

"I agree to accept said amount in full satisfaction and final settlement of this claim" were obliterated.

For some unknown reason the claim form executed by plaintiff was not forwarded to the field office having jurisdiction over same and, therefore, no administrative action was ever taken with respect to its allowance or disallowance.

This action was instituted without withdrawing the administrative claim from further consideration as provided by 28 U.S.C. § 2675(b). We are not concerned with the latter portion of this section as the claim must be first withdrawn and an action thereafter instituted.

Defendant has filed a motion to dismiss touching the jurisdiction of the Court; the motion pointedly stating that the administrative claim had neither been withdrawn nor otherwise disposed of by the Public Housing Administration. This motion was filed on September 10, 1954, but it afforded plaintiff ample time to dismiss the action, withdraw the administrative claim, and thereafter bring a new suit.

By registered letter dated November 10, 1954, plaintiff advised Public Housing Administration as follows:

"This is to advise that pursuant to Section 2675, Title 28, of the United States Code, Subsection B, I am hereby withdrawing any claim which I have filed with the Public Housing Administration, and this is to serve as fifteen days' notice to you that I shall officially withdraw the same after the expiration of fifteen days, and shall proceed with an action against the United States Government in the Federal District Court to recover damages for injury sustained by me."

No suit was thereafter instituted and the matter remained dormant until action was taken by the Court to dispose of the case in 1958. On March 7, 1958, plaintiff filed a response to the motion to dismiss. On December 12, 1958, and January 9,

1959, the Court heard evidence on the motion.

While the administrative claim was never forwarded to the authority with the power of disposition, it is apparently only necessary that the claim be "presented in writing". 28 U.S.C. § 2401(b). Claims may be filed either at the Public Housing Administration project or the field office nearest the place where the damage or injury occurred. See 14 F.R. 6677, Administrative Manual, General Administrative Practices, § 6 (b). The presentation of the written claim to the project management constituted a "filing" within the meaning of the Act.

The fact of filing was ratified and adopted by plaintiff when she forwarded her registered letter dated November 10, 1954. She cannot now be heard to say that the claim was not properly filed. Nichols v. United States, D.C., 147 F.Supp. 6.

As the limitation as to institution of suit is imposed in the statute creating the right to sue, the limitation is ordinarily treated as a condition of the right to sue rather than as a limitation upon the remedy. Anderegg v. United States, 4 Cir., 171 F.2d 127; State of Maryland, to Use of Burkhardt v. United States, 4 Cir., 165 F.2d 869, 873.

The action in question was prematurely brought before the federal agency made final disposition of the administrative claim. 28 U.S.C. § 2675 (a). There can be no suit upon a claim presented to a federal agency until it is disposed of or withdrawn. United States v. Alexander, 5 Cir., 238 F.2d 314, 317, 62 A.L.R.2d 1329. Nor is the withdrawal of the claim after institution of the action any aid to plaintiff. Any suit now instituted would be barred under the provisions of 28 U.S.C. § 2401(b).

The motion to dismiss is sustained. Counsel for defendant will prepare a judgment order in accordance with this memorandum, which is adopted by the Court in lieu of specific findings of fact and conclusions of law.