**Alex SINGER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 20155.**

United States District Court
E. D. New York.

Sept. 12, 1960.

First & First, New York City, Harry First, New York City, of counsel, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Malvern Hill, Jr., Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

ZAVATT, District Judge.

In this action under the Tort Claims Act the government moves to reduce the ad damnum in the plaintiff's complaint from $10,000 to $1,000. Before bringing this lawsuit the plaintiff had submitted a claim in the amount of $1,000 to the Post Office Department for administrative settlement pursuant to 28 U.S.C. § 2672. The government's present motion is based on 28 U.S.C. § 2675(b) which limits the recovery in a suit to the amount of the claim submitted to the agency for settlement. 28 U.S.C. § 2675 provides:

"(a) An action shall not be instituted upon a claim against the United States which has been presented to a federal agency * * * unless such federal agency has made final disposition of the claim.

"(b) The claimant, however, may, upon fifteen days written notice, withdraw such claim from consideration of the federal agency and commence action thereon. Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim. * * *."

The plaintiff makes several arguments in opposition but only one merits discussion. When the plaintiff submitted his claim to the Post Office Department he inserted on the form provided (Standard Form 95) the following sentence: "In the event claim is not settled, I reserve the right to commence suit for $6000."

■■ It is axiomatic that a sovereign may be sued only on its own terms. The statute enabling an individual to sue the government in tort allows the potential plaintiff, at his option, to seek settlement with the appropriate governmental agency. If such a claim is submitted, a lawsuit may be brought to recover the amount of the claim, and no more than that amount, unless there are exceptional factors that I find lacking here. The reservation of rights attempted by the plaintiff flies directly in the teeth of the statute and is therefore ineffective. So

it was held in Carlson v. United States, D.C.N.D.Ill.1949, 88 F.Supp 337, 339, on a set of facts that I am unable to distinguish from the facts in the instant case, and there is no amount of liberal construction that can avoid this result. Cf. United States v. Alexander, 5th Cir., 1956, 238 F.2d 314, 317, 62 A.L.R.2d 1329; United States v. Yellow Cab Co., 1951, 340 U.S. 543, 550, 71 S.Ct. 399, 404, 95 L.Ed. 523.

■ The plaintiff seeks to estop the government from contesting the effectiveness of the reservation because at an earlier time the plaintiff had submitted a claim for $6,000 which the agency refused to consider because at that time the agency could consider claims only up to $1,000. The plaintiff argues that if the reservation is contrary to the statute the agency should have followed the course it pursued on the earlier occasion and sent the claim back to the plaintiff without considering the merits of the claim. Assuming, without deciding, that a claim that has not been considered on the merits has not been "presented" within the meaning of the statute, so that a lawsuit could thereupon be instituted without limitation on the amount of the suit, and similarly assuming that the government may be estopped whenever it acts inequitably, and that the government is inequitable when it is inconsistent, it is yet to be shown that the government dealt inconsistently with the two claims submitted by the plaintiff. The first claim was returned because the agency was without jurisdiction to settle a claim in excess of $1,000. The second claim was within its jurisdiction and it therefore was considered on its merits.

The motion is granted. Settle order on or before September 15, 1960.