Dorothy C. RUDD and Joseph Rudd, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 2079-N.

United States District Court
M. D. Alabama, N. D.

Sept. 23, 1964.

William A. Oldacre (of Hill, Hill, Stovall & Carter), Montgomery, Ala., for plaintiffs.

Ben Hardeman, U. S. Atty., and Rodney R. Steele, Asst. U. S. Atty., Montgomery, Ala., for defendant.

JOHNSON, District Judge.

This civil action for damages jointly instituted by the plaintiffs, pursuant to the Federal Tort Claims Act, §§ 1346 and 2672, Title 28 United States Code, was submitted upon the issues as reflected by the pretrial order of this Court made and entered in this case on August 20, 1964. Upon consideration of these issues and the evidence in support thereof—the latter consisting of the oral testimony of several witnesses, together with exhibits to that testimony, the deposition of the witness Kirk, and the stipulations of the parties—this Court now proceeds to make the appropriate findings of fact and conclusions of law, and, as authorized by Rule 52(a), Federal Rules of Civil Procedure, incorporates said findings and conclusions in this memorandum opinion.

The plaintiff Dorothy C. Rudd claims of the United States the sum of $6,000 as damages for permanent personal injuries and loss of income incurred as a proximate consequence of the negligence of the defendant in the operation of a mail truck on or about December 2, 1963, in the City of Montgomery, Alabama. The plaintiff Joseph Rudd claims the sum of $1,000 as damages for expenses necessarily incurred in the care and treatment of his wife's injuries, for having been deprived of his wife's services and society, for loss of income, and for damage

to his automobile, all incurred as a proximate consequence of the negligence of the defendant. Each plaintiff says that the defendant's agent David H. Kirk, while acting within the line and scope of his employment as such agent, ran a United States mail truck, which he was operating, into the side of an automobile being driven by plaintiff Dorothy C. Rudd.

Each of these plaintiffs filed an administrative claim with the United States Post Office Department on February 17, 1964. Dorothy C. Rudd's claim was for the sum of $750 and Joseph Rudd's claim was for $600; no action was taken upon these claims until May, 1964. On May 7, 1964, one of the attorneys for the plaintiffs wrote the Post Office Department as follows:

> "I have been directed by my clients Dorothy Rudd and Joseph Rudd to advise you that unless their claims, heretofore filed, for injuries and damages, are paid by Friday, May 15th, said claims are effective that date withdrawn and we will proceed to suit against David H. Kirk in the manner allowed by law."

In response to that letter, the postal inspector in charge of the Chattanooga division, advised the attorney that the Post Office Department was unable to process or to complete the processing of the claims in question in time to assure delivery of the check in payment by Friday, May 15, 1964. The inspector in charge further advised the attorney representing these plaintiffs as follows:

> "The General Counsel has advised that he will accept withdrawal of the claims by Mr. and Mrs. Rudd effective May 15, 1964, to permit filing of suit for them 15 days thereafter. It is presumed you are familiar with the provisions of Section 2675(b), Title 28, U.S.Code."

Subsequent to that correspondence, the plaintiffs filed this action on May 28, 1964, the original complaint being amended by leave of this Court on August 20, 1964. The plaintiffs say that the administrative claims they filed with the United States Post Office Department on February 17, 1964, were never acted upon and were withdrawn by them with permission of the defendant; that the claims as now made exceed the claims filed administratively by reason of "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the Federal Agency or upon * * *" the basis "of intervening facts relating to the amount of the claim."

To the claim of each plaintiff, the United States pleads the general issue, denying any negligence by the driver of the mail truck that proximately caused any injuries or damages to these plaintiffs. As an affirmative defense, the United States says that this action is barred by the plaintiff's failure to give the 15-day written notice before withdrawing their administrative claims, which notice is a prerequisite to filing suit on said claims. As an additional affirmative defense, the United States says that the increased amount of the claims as made by these plaintiffs over the amounts claimed administratively is not based upon any newly discovered evidence not reasonably discoverable at the time the claims were filed with the United States Post Office Department.

The pertinent portions of Title 28, § 2675, are:

> "§ 2675. Disposition by federal agency as prerequisite; evidence
>
> "(a) An action shall not be instituted upon a claim against the United States which has been presented to a federal agency, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his authority, unless such federal agency has made final disposition of the claim.
>
> "(b) The claimant, however, may, upon fifteen days written notice, withdraw such claim from consideration of the federal agency and commence action thereon. Action under this section shall not be instituted

for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

This Court finds against the United States as to its affirmative defense based upon the theory that this action is barred by the plaintiffs' failure to give the 15-day written notice before withdrawing their administrative claims and filing action thereon. In that connection this Court finds that the attorney's letter of May 7, 1964, is notice as of that date as to the withdrawal of the claims. The original complaint was not filed for twenty-one days thereafter; moreover, the contention by the United States that the claims were not withdrawn until May 15, 1964, and that the action that was commenced thirteen days later on May 28, 1964, was premature, cannot be sustained in view of the fact that the complaint was amended on August 20, 1964. The effect of this amendment, this Court finds, was to recommence the action long after the expiration of the 15-day period required by the statute. Frederking v. United States (E.D.Wisconsin, 1954), 123 F.Supp. 191. This action was therefore properly and timely brought and this Court has jurisdiction of both the parties and the subject matter.

Proceeding now to the evidence on the question of liability, this Court finds that Dorothy C. Rudd, the wife of Joseph Rudd, on December 2, 1963, at approximately five o'clock in the afternoon was operating her husband's automobile, a 1956 Oldsmobile, in an easterly direction on Carter Hill Road in Montgomery, Alabama. It was almost dark, was raining and the roads were slick. David H. Kirk, a postal employee operating a United States mail truck, pulled from the parking area of the Carter Hill Post Office Substation up to the Carter Hill Road, applied his brakes for the pur-

pose of permitting the traffic, including the car of plaintiff Dorothy C. Rudd, to pass. His boots, wet from his working in the rain, caused his foot to slip from the brake pedal, and the mail truck ran into the side of the automobile being operated by Dorothy C. Rudd. It has been stipulated by the parties that the driver of the mail truck involved in the accident in question was an agent of the United States and was at all times material to this case acting within the line and scope of his employment. This Court finds that the operation of the mail truck by Kirk on this occasion, while, according to the evidence, the floor of the truck was slick, the brake pedal was slick, and his boots were wet and slick, constituted negligence. The operation of said truck under these circumstances was known to the postal officials and was under their direction and control. Proper precautions could have and should have been taken by the postal authorities to provide Kirk with "nonskid" boots or "nonskid" brake pedal, or both. The negligence of the defendant as herein found by this Court was not that of the mailman Kirk, but grew out of the failure of the Post Office Department to provide him proper equipment for use under the circumstances existing upon the occasion in question. This Court further finds that each of these plaintiffs was damaged as a proximate consequence of the negligence of the United States in the operation of the mail truck at the time and place in question.

As to the injuries and damages sustained by these plaintiffs by reason of this negligence, this Court finds that Dorothy C. Rudd was bruised on her shoulders and arms; her middle finger on her left hand was bruised and sprained; her left elbow was bruised and sprained; she became nervous, and she suffered for a short while from headaches. She did not lose any time from her regular and usual employment. As to Joseph Rudd's claim for damages, this Court finds that the 1956 Oldsmobile was damaged, and that he was caused to incur certain hospital and doctors' bills in the care and treatment of his wife's injuries;

he did not lose any time from his work and did not lose his wife's services or society to any degree that may be compensable. These plaintiffs are therefore entitled to be reasonably compensated for the losses suffered by them as a proximate consequence of the negligence of the defendant unless the amounts to which they may be entitled exceed the claims filed by them administratively and there is no newly discovered evidence not reasonably discoverable at the time of presenting the claims to the Federal agency, or there have been no intervening facts relating to the injuries and damages claimed.

■■ Section 2675 is very clear that an action shall not be instituted against the United States for any amount exceeding the amount of the claim that was presented to the Federal agency unless there is newly discovered evidence or proof of intervening facts. The only facts offered by the plaintiffs in this case in support of their contention that there has been newly discovered evidence relate to Dorothy C. Rudd's middle finger on her left hand and to her left elbow. This evidence indicates that upon Mrs. Rudd's being examined by her physician the next day after the accident, he thought, and Dorothy C. Rudd was advised, that she would probably completely recover in from six to eight weeks; and upon a subsequent examination conducted in August of this year by a different physician, it was determined that she still suffered some pain in her left middle finger and left elbow on motion. The evidence indicates that this is not a severe pain and that, in all probability, it will in time, with proper treatment, be eliminated completely. No injury or damage to either the finger or elbow was revealed by X-rays at any time. It is the opinion of this Court that at the time of her initial physical examination, which occurred the next day after the accident, Dorothy C. Rudd's condition could have been reasonably discovered and that her physical condition that exists now could have and should have been discovered at the time

of the filing of the administrative claims. There has been, therefore, no newly discovered evidence not reasonably discoverable at the time of presenting the claims to the United States Post Office Department December 18, 1963, and there have been no intervening facts relating to the amount of the claims that will authorize either of these plaintiffs to maintain this action for any sum in excess of the amount of the claims originally presented. United States v. Alexander, 5 Cir., 238 F.2d 314; Morgan v. United States, D.C., 123 F.Supp. 794; Nichols v. United States, 147 F.Supp. 6. The application of this rule of "limitation of liability" does not require the dismissal of plaintiffs' claims. In such instances, the courts have held that the limitation is merely upon the amount recoverable. Siciliano v. United States, D.C., 85 F. Supp. 726; Reardon v. United States, D.C., 87 F.Supp. 35; Carlson v. United States, D.C., 88 F.Supp. 337; Corkle v. United States, D.C., 94 F.Supp. 908; Gordon v. United States, D.C., 129 F. Supp. 371; and Nichols v. United States, supra.

However, the finding and conclusion of this Court that requires the application of the limitation of liability portion of Section 2675, to the extent that these plaintiffs' actions before this Court are to be restricted to the amount of their administrative claims, is largely an academic question in view of the evidence presented upon the trial of this case as to damages. This is true as to Joseph Rudd's claim since, under the evidence in this case, this Court finds that the maximum amount he is entitled to for damages to his automobile is the sum of $530; the sum of $85 for medical and hospital expenses incurred in the care and treatment of his wife is the full amount claimed. This makes the total amount recoverable in this case by Joseph Rudd under any circumstances, $615. As to Dorothy C. Rudd's injuries and damages, this Court finds that she suffered no loss of income, her personal injuries were slight, and the maximum amount she is damaged is somewhere between $750 and

$1,000; an award of $750 will adequately and fairly compensate her.

In accordance with the foregoing and for good cause, it is the order, judgment and decree of this Court that Joseph Rudd have and recover of the United States of America the sum of $600. It is the further order, judgment and decree of this Court that Dorothy C. Rudd have and recover of the United States of America the sum of $750.

It is further ordered that the costs incurred in this proceeding be and they are hereby taxed against the United States.