John PATE

v.

UNITED STATES of America,
Defendant and Third-Party
Plaintiff,
and
Colossie MALARY, Third-Party
Defendant.

Civ. No. 15025.

United States District Court
D. Maryland.

Oct. 30, 1964.

Emanuel H. Horn and Dickerson, Nice & Sokol, Baltimore, Md., for plaintiff.

Thomas J. Kenney, U. S. Atty., and Arthur G. Murphy, Asst. U. S. Atty., Baltimore, Md., for defendant and third-party plaintiff.

Amos I. Meyers, Baltimore, Md., for third-party defendant.

THOMSEN, Chief Judge.

The government has moved, relying on 28 U.S.C.A. § 2675(b), to reduce the ad damnum in this complaint under the Tort Claims Act from $11,000 to $2,500.

On March 1, 1963, before this action was instituted, plaintiff submitted an administrative claim to the Post Office Department claiming damages for personal injuries in the amount of $3,000. On May 10 plaintiff's attorneys were notified by the Department that it was not authorized to consider a claim in excess of $2,500. On May 14 plaintiff's counsel wrote the Department, referring to the letter of May 10 and stating: "In accordance therewith and without prejudice, my client signifies his willingness to reduce the demand in settlement of his claim to the sum of $2500.00."

Sec. 2675(b) provides in pertinent part:

"* * * Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

The government's motion must be granted. The fact that the amount of the claim was reduced "without prejudice" is immaterial. Singer v. United States, E.D.N.Y., 186 F.Supp. 131 (1960); Nichols v. United States, E.D. Va., 147 F.Supp. 6 (1957); Corkle v. United States, E.D.S.C., 94 F.Supp. 908 (1951); Carlson v. United States, N.D. Ill., 88 F.Supp. 337 (1949). Cf. United

States v. Alexander, 5 Cir., 238 F.2d 314 (1956), where there was newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency.

The motion is hereby granted, with leave to the plaintiff to amend if he can properly allege either newly discovered evidence not reasonably discoverable at the time of presenting the claim to the Department or intervening facts relating to the amount of the claim.