**Roger M. SMITH, and his wife Ellen Smith,**

v.

**UNITED STATES of America.**
**Civ. No. 14568.**

United States District Court
D. Maryland.
Jan. 26, 1965.

Martin E. Gerel, Washington, D. C., for plaintiffs.

Thomas J. Kenney, U. S. Atty., and Arthur G. Murphy, Asst. U. S. Atty., Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

The government has moved, relying on 28 U.S.C.A. § 2675(b), to reduce to $1,800 the total ad damnum in this complaint under the Tort Claims Act. Sec. 2675 is set out in Note 1, below.

The following facts appear from the motion, the answer thereto, and the exhibits filed or referred to at the hearing thereon.

On February 23, 1962, plaintiffs' automobile was struck by a government truck driven by an employee of the Department of Health, Education and Welfare, damaging the automobile and causing neck and back injuries to both plaintiffs, who are husband and wife. On March 12, 1962, they filed a "Claim for Damage or Injury", Standard Form 95, stating under the "amount of claim" as follows: "Property Damage, $451.01; Personal Injury, not yet available: Total, (blank)." On February 28, 1963, plaintiffs' present attorney sent a letter to the Chairman, Public Health Service Board of Claims, in which, after giving the items of special damage, totaling $170.38 for the wife and $110.63 for the

1. "§ 2675. *Disposition by federal agency as prerequisite; evidence*

"(a) An action shall not be instituted upon a claim against the United States which has been presented to a federal agency, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his authority, unless such federal agency has made final disposition of the claim.

"(b) The claimant, however, may, upon fifteen days written notice, withdraw such claim from consideration of the federal agency and commence action thereon. Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

"(c) Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages."

husband, he stated: "Our demand to settle both claims is $1,800.00. Please advise as soon as possible whether this is acceptable."

Less than a month later, on March 20, 1963, the attorney sent a second letter to the Chairman, stating: "With reference to my letter of February 28, 1963, this is to advise you that we are withdrawing our demand of $1,800.00."

The present action was filed on April 15, 1963, claiming $30,000 for the husband's injuries, $5,000 for loss of services, companionship and consortium, and $35,000 for the wife's injuries.

Plaintiffs rely on four "factors" in opposing the motion to reduce the ad damnum—

■ First, that no claim was presented. This contention is without merit, since the original claim and the attorney's letter clearly constitute a claim; the use of a particular form is not required.

■ Second, that the claim was withdrawn. This is a condition precedent to filing suit, and is not a ground for denying the government's motion. United States v. Alexander, 5 Cir., 238 F.2d 314, 317, 62 A.L.R.2d 1329 (1956).

Third, that defendant failed to make timely objection, in that its motion was not filed until August 28, 1964, after certain discovery had been obtained. In United States v. Alexander, supra, the Court said:

"There can be no recovery by suit where the claim has been disposed of by rejection or disallowance, or where the claim has been withdrawn before being disposed of, in excess of the amount for which the administrative claim was filed unless it is shown that the increased amount is based either upon newly discovered evidence not reasonably discoverable at the time of presenting the claim, or upon the allegation and proof of intervening facts, relating to the amount of the claim." 238 F.2d at 317.

■ The burden is on plaintiffs to show such a basis for the increased amount, and no time limit is prescribed within which the government must challenge the sufficiency of such showing, by motion to reduce the ad damnum or otherwise. Corkle v. United States, E.D. S.C., 94 F.Supp. 908 (1951).

■ Fourth, "newly discovered evidence and intervening facts". When the attorney wrote the government on February 28, 1963, stating the amount of the claim, he had a letter report dated November 6, 1962, from Dr. Marvin M. Gibson, who said:

"It is very difficult to evaluate subjective complaints. I don't know how much Mrs. Smith hurts. I do know that there is some tension in the family that may play some part in her condition. I do not know. She told me she hurt. Her examination was negative. With the patient telling me she hurt I asked her to carry out a therapeutic regime that is usually a benefit in aching backs.

"I realize that the above paragraph is not a very positive one and to become positive I can say that with the absence of any positive findings in the low back that no serious condition is present."

The evidence submitted shows no change in her condition between November 6, 1962, and March 20, 1963, when the claim was withdrawn, or April 15, 1963, when this action was filed. Dr. Austin B. Rohrbaugh, Jr., saw the wife on March 25, 1963. She told him that for the past year she had had stiffness and pain in the back. He diagnosed the condition as a chronic lumbo-sacral strain and prescribed exercise and a corset. When he saw her again, on March 16, 1964, she said she felt much better in the corset and "complained of discomfort only a couple of days every 3 or 4 months". Dr. Rohrbaugh's physical examination at that time showed that she was "essentially normal". No medical report shows any aggravation of her condition. No

agravation of the husband's condition is claimed. There is no "newly discovered evidence not reasonably discoverable at th time of presenting the claim to the federal agency" nor any "intervening facts, relating to the amount of the claim", which would justify an increase in the ad damnum. Sec. 2675(b), supra; Alexander v. United States, supra, and cases cited therein; Nichols v. United States, E.D.Va., 147 F.Supp. 6 (1957).

The motion to reduce the total ad damnum to $1,800 must be and it is hereby granted.