Donald J. DE GROOT et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. C 74-4031.

United States District Court, N. D. Iowa, W. D.

Sept. 26, 1974.

Lucas J. DeKoster, Hull, Iowa, for plaintiffs.

Gary E. Wenell, Asst. U. S. Atty., Sioux City, Iowa, for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court upon defendant's unresisted motions to dismiss and to reduce ad damnum, filed August 14 and August 15, 1974, respectively.

In this action plaintiffs Donald De Groot and Janet De Groot sue for injuries allegedly suffered when the pickup truck in which Mr. De Groot was riding was struck by a vehicle operated by an employee of the United States Postal Service. Donald De Groot also sues as next friend on behalf of his sons Douglas and Daryl De Groot, minors at the time of the collision, for injuries they received as passengers in the pickup

truck. Suit is brought against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2671. et seq.

The government moves to dismiss the claims by next friend of Douglas and Daryl De Groot from this action. 28 U.S.C. § 2675(a) provides in pertinent part that

An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent . . . act . . . of any employee of the government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency. . . .

The government asserts that no claims on behalf of Douglas and Daryl De Groot were ever filed with the Postal Service or any other agency.

■ It appears from the language of the statute and has often been held that submission of such administrative claims to the appropriate agency is a non-waivable jurisdictional prerequisite to suit on the claims under the Federal Tort Claims Act. Davis v. United States, 439 F.2d 1118 (CA 8 1971); Peterson v. United States, 428 F.2d 368 (CA 8 1970); Best Bearings Co. v. United States, 463 F.2d 1177 (CA 7 1972); Hlavac v. United States, 356 F. Supp. 1274 (N.D.Ill.1972).

■ Here, however, it appears from the property damage and personal injury claim filed by the De Groots with the Postal Service and attached to defendant's motion brief as Exhibit A that demand was made for recovery on behalf of the minor sons. Under the claim

form's section 9, Description of Accident, it is stated that the sons were in the pickup at the time of the accident, were examined after the accident and found not to be seriously injured. Under section 11, Personal Injury, which directs the claimant to "State Nature and Extent of Injury which forms the Basis of this Claim," appear the words "De Groot's sons—cuts and bruises."

■ Thus, the Postal Service had notice that included in the amount claimed for personal injuries, $100,000.00, were injuries to the sons and that these injuries were of a minor nature. This was sufficient as a basis upon which the Service could have made a determination as to the proper disposition of these claims and hence they must be considered to have been "presented . . . to . . . and . . . finally denied by the" agency as required by § 2675(a).[1]

It is the court's view that 28 CFR §§ 14.3(b)(e) relating to the procedure for filing administrative claims by a legal representative were sufficiently complied with here.

Secondly, defendant moves for reduction of the amount demanded by the complaint to that demanded in the administrative claim. The complaint seeks personal injury damages in the aggregate amount of $162,000.00 while the claim before the Service sought $100,000.00.

■ § 2675(b) provides that

Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly

1. Though some cases have held that a claim must be stated in a sum certain to fulfill the presentation and denial requirements of § 2675(a), Avril v. United States, 461 F.2d 1090 (CA 9 1972); Bialowas v. United States, 443 F.2d 1047 (CA 3 1971); Landis v. United States, 335 F.Supp. 1321 (N.D. Ohio 1972), the decision in Locke v. United States, 351 F.Supp. 185 (D.Hawaii 1972), indicates that only the total amount claimed need be stated and need not be broken down into specific amounts for its constituent claims. In the administrative claim filed by plaintiffs here, a sum certain covering all claims for personal injury was stated. Especially where, as here, the individual claims challenged are minor in nature, the agency had not requested a separate statement of their amounts and the lack of a separate statement does not significantly prejudice the agency's ability to make a disposition of the claims, the implicit sum certain requirement of § 2675(a) should not be extended to defeat jurisdiction in a District Court by requiring separate statement of each individual claim.

discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

The burden of proof is on the plaintiffs to show newly discovered evidence or intervening facts to support an increased demand for personal injuries. Smith v. United States, 239 F.Supp. 152 (D.Md. 1965). Plaintiffs have not met this burden, having alleged no newly discovered or intervening facts in support of increased recovery.

Thus, defendant's motion to reduce ad damnum from the $162,000.00 demanded in the complaint to the $100,000.00 sought in the initial claim must be granted, without prejudice to plaintiffs' demand and recovery of a larger amount in the event they are able to show evidence as required by § 2765(b) to justify it. Pate v. United States, 234 F.Supp. 984 (D.Md.1964).

It is therefore

Ordered

1. Motion to dismiss, denied;

2. Motion to reduce ad damnum, granted without prejudice.