**FREDERKING et al.**

v.

**UNITED STATES.**

Civ. A. No. 6137.

United States District Court
E. D. Wisconsin.

July 30, 1954.

---

James T. Parmalee, Kenosha, Wis., for plaintiffs.

Timothy T. Cronin, U. S. Atty., William J. Haese, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

TEHAN, Chief Judge.

This action is brought under the Federal Tort Claims Act, Title 28 U.S.C.A. §§ 2671 to 2680, to recover damages which were sustained on November 30, 1951 in Kenosha, Wisconsin, when a Government owned vehicle collided with a truck owned by plaintiff, Landgren's Dairy, Inc., and operated by its employee, Victor Frederking, also plaintiff herein. The Globe Indemnity Company, Inc., as workmen's compensation carrier, has also joined as plaintiff herein.

On January 29, 1952, prior to the commencement of this action, the plaintiffs, Landgren's Dairy, Inc. and Victor Frederking submitted claims for damages, in the sums of $107.62 and $33.25 respectively, to the designee of the Secretary of the Air Force at Oklahoma City Air Materiel Area, Oklahoma City, Oklahoma.

The defendant, United States of America, has now moved to dismiss the cause of action as to Landgren's Dairy, Inc. and Victor Frederking, on the grounds that, first, contrary to the provisions of 28 U.S.C.A. § 2675(a) [1], the action was instituted during the time that the administrative claims were still in abeyance, no final disposition of such claims having been made, and second, the plaintiffs have failed to give a fifteen days notice of withdrawal of their claims prior to commencing action thereon, as required by Section 2675(b) [2].

In support of its motion, the Government has filed an affidavit by Col. Thomas D. Wood, U. S. A. F., Chief of the Claims Division in the Office of The Judge Advocate General, in which affidavit Col. Wood states that no award or determination has been made with respect to the two administrative claims,

1. § 2675. Disposition by federal agency as prerequisite; evidence
   "(a) An action shall not be instituted upon a claim against the United States which has been presented to a federal agency, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his authority, unless such federal agency has made final disposition of the claim."

2. "(b) The claimant, however, may, upon fifteen days written notice, withdraw such claim from consideration of the federal agency and commence action thereon. Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

and that the said claims remain outstanding.

It appears that on November 9, 1953, the plaintiffs sent the following letter to the office of the Commanding General, Oklahoma City Air Materiel Area, Tinker Air Force Base, Oklahoma City, Oklahoma:

"Please take notice that the above entitled action is being started in the United States District Court for the Eastern District of Wisconsin at Milwaukee, Wisconsin. The Globe Indemnity Company is joining as a party plaintiff in the action as well as Mr. Frederking, and Landgren Dairy. I shall inform the U. S. Attorney that you have a file on this matter in your office."

The instant action was commenced November 18, 1953. Subsequently the plaintiffs noted that they had not complied with the fifteen days notice requirement of Section 2675(b), and an amended complaint was then filed on or about January 20, 1954.

■ Plaintiffs' position is that the letter of November 9, 1953, is "in effect" the withdrawal notice required by Section 2675(b). The Government on the other hand takes the position that before the plaintiffs could commence action under the Tort Claims Act, they must have given written notice of withdrawal and that nothing less will do. In the opinion of this Court, the Government's contention, that the letter of November 9, 1953 does not constitute a notice of withdrawal, must be sustained.

■ The statute constitutes a limited waiver of sovereign immunity, and the plaintiffs are governed by the statute conferring the right of action and must comply with the conditions laid down by the statute for suits against the United States. Since no notice of withdrawal has been made in accordance with Section 2675(b), the administrative claims are still pending before the federal agency, and will remain so until final administrative disposition has been made or until the claimants upon fifteen days written notice withdraw their claims from consideration of the federal agency.