STEVER-WOLFORD, INC.

v.

UNITED STATES of America.

Civ. A. No. 28939.

United States District Court
E. D. Pennsylvania.

Oct. 12, 1961.

---

White & Williams, by Frank M. Jakobowski, Philadelphia, Pa., for plaintiff.

Walter E. Alessandroni, U. S. Atty., by Carl J. Melone, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is a suit against the United States for damages resulting from a mail truck running into plaintiff's garage. The question presented is whether the applicable statute of limitations has extinguished the plaintiff's statutory right to sue the United States. The question involves interpretation of the following statute, and application of the facts of this case thereto.

The Act of June 25, 1948, 62 Stat. 971, as amended September 8, 1959, 73 Stat. 472, 28 U.S.C. § 2401(b), 1960 Supp., provides in part as follows:

> "(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, or unless, if it is a claim not exceeding $2,500, it is presented in writing to the appropriate Federal agency within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later."

The accident which is the subject of this suit occurred on or about April 8, 1958. The plaintiff expended the sum of $153 to repair its garage, so that its claim does not exceed $2500. Therefore, under the terms of the above-quoted statute, the plaintiff's claim had to be "presented in writing to the appropriate Federal agency" by September 8, 1960—one year after the date of enactment of the quoted sentence.

It is admitted that by November 13, 1958, the plaintiff, Stever-Wolford, Inc., had submitted claim forms to Postmaster Brown of the Upper Darby Post Office.[1] Thus, the plaintiff complied with the statute by presenting its claim in writing to the appropriate Federal agency within the one year period.

However, the Post Office Department denied plaintiff's claim, and plaintiff brought this suit on December 19, 1960. The time period for bringing suit on a claim which has been originally submitted to a Federal agency and denied by the agency is also set forth in Section (b) of the statute quoted above. That section goes on to provide as follows:

> "If a claim not exceeding $2,500 has been presented in writing to the appropriate Federal agency within

1. On January 27, 1959, Postmaster Brown acknowledged the receipt of the forms submitted by the plaintiff on November 13, 1958, and informed plaintiff's counsel that thereafter the claim would be handled by the authorities at the 30th and Market Streets Post Office.

that period of time, *suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim."* (Emphasis supplied) (28 U.S.C. § 2401(b), 1960 Supp.)

The parties disagree as to when the Post Office Department mailed notice of final disposition of plaintiff's claim.

The Government contends that the plaintiff's claim was "finally disposed of" by letter dated February 27, 1959, addressed to Stever-Wolford, Inc., indicating that the claim had been disallowed because it should have been submitted by the plaintiff's insurers. On June 12, 1959, a letter to the same effect was sent to plaintiff's counsel. That letter reads in pertinent part as follows:

"On February 27, 1959, the Stever-Wolford, Inc., was notified that its claim was disallowed since it had been fully reimbursed by its insurer and that claim should be submitted by the insurance company under its right of subrogation * *

"If you also represent the insurance company, you may have your client submit a claim in its own name and right in accordance with the ruling in United States v. Aetna Casualty Co., 338 U.S. 366 [70 S.Ct. 207, 94 L.Ed. 171]. *Standard Form 95 and POD Form 2188, the Department's subrogation receipt, are transmitted herewith.*

"The claim form must be signed by an officer of the company authorized to execute claims in its behalf.

*"When these papers are returned properly executed the matter will be given prompt attention."* (Emphasis supplied.)

We think it clear from the wording of this letter alone that it was not "final disposition" of the claim in question. The obvious purpose of the statutory language, allowing six months from the "final disposition" of a claim by an agency within which to bring suit, is to prevent persons *who are informed that their claims are no longer being considered and have been denied by an agency* from procrastinating for more than six months before bringing suit. Plaintiff's counsel in the case at bar was clearly not so informed by the letter of June 12, 1959.

In fact, plaintiff's counsel, in the belief that he was complying with the directions and suggestions contained in that letter, filled out and returned the forms enclosed with that letter. The POD Form 2188, the Department's subrogation receipt, was signed by an officer of each insurance company which had reimbursed Stever-Wolford, but the other form was filled out to show the name Stever-Wolford as the claimant. The Government contends that these forms, sent by plaintiff's attorney to Earl D. Goss, (attorney in the Damage and Claims Division of the Post Office in Washington, D. C.) were a "nullity" because the name Stever-Wolford appeared on the form as claimant rather than the names of the several insurance companies. Whether plaintiff's counsel or whether the Government is correct about the propriety of the way in which these forms were filled out, the fact remains that plaintiff's counsel had no reason to believe that the claim in question had been finally denied and that he should begin suit.

Furthermore, while plaintiff's counsel was awaiting action by the Post Office Department on the forms sent to Washington, he was visited by a Postal Inspector, one George R. Givens. The parties are in complete disagreement as to what transpired at that brief meeting, but it is agreed that the possibility of a settlement of this claim was the topic of whatever conversation took place. Plaintiff's counsel entertained the belief that settlement possibilities were also being considered in Washington. In light of these events subsequent to the letters of February 27 and June 12, 1959, and in light of the words of the letters themselves, we think the final disposition of this claim was not made until October

31, 1960, when attorney Goss advised plaintiff's counsel by letter that the claim had been disallowed. Plaintiff having filed this suit on December 19, 1960, within six months from October 31, 1960, plaintiff complied with the statute of limitations.

### Order

And now, to wit, this 12th day of October, 1961, It is ordered that the defendant's motion to dismiss the complaint is hereby denied.