Joe TREPINA, Plaintiff,

v.

James WOOD, Jr., Viola Herrick and Arthur Anderson, members of and constituting the Agricultural Stabilization and Conservation Service of the United States Department of Agriculture, in and for the State of Montana, Defendants.

Civ. No. 2398.

United States District Court
D. Montana,
Great Falls Division.

April 2, 1964.

Dola N. Wilson, Jr., Fort Benton, Mont., for plaintiff.

Moody Brickett, U. S. Atty., and Robert T. O'Leary, Asst. U. S. Atty., Butte, Mont., for defendants.

JAMESON, District Judge.

This is an action for damages resulting from a fire on plaintiff's property on September 27, 1960, allegedly caused by an employee of the Choteau County, Montana, Agricultural Stabilization and Conservation Service. Three members of the Montana State Agricultural Stabilization and Conservation Service were named as defendants. Plaintiff now seeks to amend his complaint to include the United States as a party defendant. The United States Attorney on behalf of the named defendants has moved to dismiss for lack of jurisdiction of the subject matter and failure to state a claim.

On July 13, 1961, plaintiff filed a claim with the defendants' Choteau office for

$1717.00 damages. On November 20, 1962, the General Counsel for the Department of Agriculture approved the claim in the amount of $400 and advised plaintiff of the method of payment. Dissatisfied, plaintiff rejected the award and petitioned for a rehearing. The petition was still pending on May 20, 1963, when this action was filed under the Federal Tort Claims Act.

For our purposes, 28 U.S.C.A. § 2401 (b) requires the action be brought within six months after the date on which the agency mailed notice to claimant of final disposition of his claim.[1] Concededly, this action was filed on May 20, 1963, in an attempt to comply with the six months limitation. The action, however, was not brought against the United States as required by 28 U.S.C.A. § 1346(b), and the action accordingly was subject to dismissal for lack of jurisdiction.

■ It is clear that § 2401(b) is not merely a procedural requirement, but rather limits the substantive right created by the Federal Tort Claims Act. In Lomax v. United States, E.D.Pa.1957, 155 F.Supp. 354, the court was held to be without jurisdiction of a tort action where plaintiff had been injured by a postal employee. Suit was brought within the time prescribed, but the Post Office Department rather than the United States was named defendant. The United States Attorney was served with a copy of the complaint within the time limit, but the United States was not named as defendant until after the time had expired. The United States Attorney had stipulated to amendment of the complaint to substitute the United States

as defendant, although this stipulation was made after the time had expired. The court held the stipulation nugatory and that the court was without jurisdiction over the United States, for the "statute of limitations governing the instant case must be considered substantive in that it is part of the statute *creating* the cause of action".[2] 155 F.Supp. at 357.

Plaintiff does not question the holding in the Lomax case, but contends that because of the pending request for a rehearing, final disposition of the claim had not been made and the six months period had not commenced to run. Neither party has cited, nor have I found any case, precisely in point. Nor have I found any regulation which specifically provides the time at which final disposition of a claim has been made.

7 CFR § 1.51 provides:

"Upon the basis of the facts and law involved, the General Counsel * * allows or disallows the claim. After such determination, the General Counsel's Office notifies the claimant whether his claim has been allowed or disallowed. In the event a claim is allowed, the claimant is advised of the time and the method of payment."

These requisites were met by the notice of November 20, 1962. There are no other provisions relating to claims based on negligence. Thus it must have been contemplated that this notice would constitute final disposition of the claim.

Plaintiff recognizes that the notice of November 20, 1963, would ordinarily constitute the contemplated final disposi-

---

1. § 2401(b), as amended, reads in pertinent part:

"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *. If a claim not exceeding $2,500 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by

the agency of final disposition of the claim."

2. The court said further:
"And while it may seem harsh to deprive the plaintiff of his remedy because of his error in instituting his action against the wrong party, the conditions upon which suit may be brought against the United States have been set forth, and *it is not within the power of the* United States Attorney, nor within the power of this Court, to make exceptions thereto." (155 F.Supp. at 359)

tion of the claim. He argues, however, that his petition for rehearing, and the action taken subsequent thereto, revoked the final disposition notice pending the outcome of the rehearing. Consequently, plaintiff's position is that no final disposition has yet been made. It seems pertinent therefore to note the dates and, briefly, the content of letters subsequent to the November 20, 1962, approval of the claim in the amount of $400:

February 14, 1963—A letter from plaintiff's attorney, Dola N. Wilson, Jr., was received by the Fiscal Division of the Agricultural Stabilization and Conservation Service (ASCS). (Receipt of this letter is acknowledged in the March 8, 1963, letter from the Fiscal Division to Mr. Wilson.)

March 8, 1963—Letter from the Fiscal Division to Mr. Wilson, quoting from the decision of the General Counsel and concluding: "Suit time would be extended six months from November 20, 1962, when the claimant was notified through your office of allowance of the claim."

May 9, 1963—Letter from the Fiscal Division to Senator Mansfield, acknowledging receipt of letter from Senator Mansfield dated April 25 enclosing a letter and attachments from Mr. Wilson, and stating:

"The claim of Mr. Trepina, filed for a fire loss, is being given further review and you will be advised of further developments in this matter in the near future."

May 20, 1963—This action was filed.

May 23, 1963—Letter from the Fiscal Division to Senator Mansfield, reading:

"On May 9, 1963, you were advised that the claim of Mr. Joe Trepina, Big Sandy, Montana, was being given further review.

"Based on statements contained in the letter dated April 17, 1963, from Mr. Dola N. Wilson, Jr., attorney for Mr. Trepina, which are in conflict with those of the county office, we are requesting the Chouteau ASC County Committee to furnish us ad-

ditional information regarding this matter.

"Upon receipt of the additional information, the Office of the General Counsel of this Department will give further consideration to this claim. We will keep you informed of further developments."

May 28, 1963—Letter from the office of the General Counsel to Mr. Wilson stating that Wilson's letter of April 17, 1963, had been referred to the General Counsel's office, and continuing: "Inasmuch as certain allegations made by you were not set forth in the file or are in conflict with the facts appearing in the file, it has been necessary to refer your letter to the employees involved for their comments. Upon receipt of the comments, this office will reconsider the matter."

August 6, 1963—Letter from the Administrator of the ASCS to Senator Mansfield stating that the information requested from the County Committee had been received and forwarded to the General Counsel "for further consideration of the claim". However, since suit had been filed by Mr. Trepina, further action by the department would depend upon instructions from the Department of Justice.

It is clear from the foregoing letters that even though the six months limitation had already expired, both Senator Mansfield (by letter dated May 23) and plaintiff's counsel (by letter dated May 28) were informed that the General Counsel of the Department of Agriculture was giving further consideration to the claim. Apparently he continued to do so until he was advised shortly before August 6 that suit had been instituted, whereupon Senator Mansfield was informed that further action by the Department of Agriculture would depend upon instructions from the Department of Justice. This is hardly consistent with defendant's position that there was a "final disposition" of the claim on November 20, 1962.

[2] In Stever-Wolford, Inc. v. United States, E.D.Pa.1961, 198 F.Supp. 166, the court was concerned with a similar problem.[3] In discussing the requirement that suit be brought within six months after final disposition of the claim, the court said: "The obvious purpose of the statutory language, allowing six months from the 'final disposition' of a claim by an agency within which to bring suit, is to prevent persons *who are informed that their claims· are no longer being considered* * * * from procrastinating for more than six months before bringing suit." 198 F.Supp. at 168. It cannot be said that plaintiff was informed that his claim was no longer being considered. Even though he was informed of the action of the Department of Agriculture on November 20, 1962, and advised that suit should be instituted within six months, both before and after the expiration of the six months period he was informed that his claim was being given "further review" and "further consideration".[4] Under these circumstances it is my conclusion that no final disposition of the claim has yet been made.

█ Counsel for plaintiff recognizes that this action may not be prosecuted, however, by reason of the provisions of 28 U.S.C.A. § 2675. Under § 2675(a) an action may not be instituted against the United States on a claim which has been presented to a federal agency "unless such federal agency has made final disposition of the claim". Section 2675(b) permits withdrawal of a claim from an agency and commencement of an action thereon, but requires 15 days notice of the withdrawal. It is conceded that no such notice preceded the institution of this suit.

In Frederking v. United States, E.D. Wis.1954, 123 F.Supp. 191, a similar situation was resolved in this manner: "Since no notice of withdrawal has been made in accordance with Section 2675 (b), the administrative claims are still pending before the federal agency, and will remain so until final administrative disposition has been made or until the claimants upon fifteen days written notice withdraw their claims from consideration of the federal agency." 123 F.Supp. at 193.

This action will be dismissed without prejudice to plaintiff's right to reinstitute the suit after proper withdrawal of the claim from the federal agency, or after final disposition of the claim by the agency.

3. In Stever-Wolford, Inc. v. United States, the government contended that plaintiff's claim was "finally disposed of" by letter dated February 27, 1959, addressed to Stever-Wolford, Inc., indicating that the claim had been disallowed because it should have been submitted by the plaintiff's insurers. Another letter was written on June 12, 1959, referring to the February 27 letter and advising plaintiff's counsel that if he also represented the insurance company, he might have his client submit a claim in its own right and enclosing forms for that purpose. The forms were completed and sent in, but Stever-Wolford appeared as claimant rather than the insurance company. The court held that in the light of events subsequent to the letters of February 27 and June 12, 1959, and the wording of the letters themselves, final disposition of the claim was not made until October 31, 1960, when plaintiff's counsel was advised by letter that the claim had been disallowed.

4. In effect plaintiff was promised further review and consideration. When, however, he filed his abortive action, he was informed (almost three months later) that by reason of that suit, further action by the Department of Agriculture would depend upon instructions from the Department of Justice. In other words, the letters subsequent to May 20 would indicate that if plaintiff had not filed suit, the General Counsel of the Department of Agriculture would give further consideration to the claim. These letters do not suggest that the claim was already barred in the absence of suit.