John D. WHEALTON, Plaintiff,

v.

UNITED STATES of America and William A. Garrett, Defendants.

Civ. A. No. 6150.

United States District Court
E. D. Virginia,
Norfolk Division.

Aug. 9, 1967.

---

Philip E. Landrum, Norfolk, Va., for plaintiff.

William T. Mason, Jr., Asst. U. S. Atty., Norfolk, Va., for the United States.

J. Riley Johnson, Jr., Norfolk, Va., for William A. Garrett.

## MEMORANDUM

WALTER E. HOFFMAN, Chief Judge.

On April 6, 1967, an action was filed by the plaintiff against the United States of America, William A. Garrett, and one Paul Wayne Gooden, in the Circuit Court of the City of Norfolk. Property damages claimed were in the sum of $724.26. The damages allegedly sustained by plaintiff were the result of an automobile accident on September 11, 1964. It is alleged that Gooden was the agent, servant and employee of the United States, acting within the scope of his employment when he, Gooden, drove a vehicle which proximately contributed to the accident. The defendant, Garrett, was the driver of another vehicle (ambulance) involved in the collision and plaintiff alleges that the joint and several negligence of Gooden and Garrett proximately caused the accident.

The United States, certifying that Gooden was acting within the scope of his employment at the time of the accident, removed the case from the state to the federal court under 28 U.S.C. § 2679. The Government then interposed a plea of the statute of limitations relying upon 28 U.S.C. § 2401(b).

While the Virginia statute of limitations as to a property damage claim

is five years, it is well settled that, in actions under the Federal Tort Claims Act, the federal law controls. Young v. United States, 87 U.S.App.D.C. 145, 184 F.2d 587 (1950), 21 A.L.R.2d 1458; State of Maryland to the Use of Burkhardt v. United States, 165 F.2d 869 (4 Cir., 1947), 1 A.L.R.2d 213. Thus, under 28 U.S.C. § 2401(b), an action under the Federal Tort Claims Act would have to be commenced within two years following September 11, 1964, unless the time was extended by certain correspondence relating to the claim as indicated by the last sentence of 28 U.S.C. § 2401 (b).[1]

█ We turn to a consideration of the claim and contended "final disposition" thereof. It is generally conceded that a claim was filed by the attorney representing Mid-States Insurance Company, the collision insurance carrier for the plaintiff. The same attorney now represents the plaintiff herein. Assuming arguendo that the filing of a claim by the insurance company inures to the benefit of the individual plaintiff, we nevertheless believe that the correspondence clearly reflects a "final disposition" of the claim by a denial of liability. If the filing of a claim by the insurance company cannot operate for the benefit of the plaintiff, then it is clear that the action was not instituted within the required time.

█ The statute merely requires that a claim be "presented in writing". It need not be on any specified form as long as it sufficiently identifies the nature of the claim. Cole v. United States, 170 F.Supp. 90 (E.D.Va., 1959). Moreover, the statute does not set forth any positive requirements as to what constitutes a "final disposition" of the claim.

On January 4, 1965, the insurance company attorney advised the District Legal Office, United States Navy, Norfolk, as to the details of the claim. A reply, dated March 1, 1965, was received from the District Legal Officer, acting by direction of the Commandant.[2] The last paragraph of this letter refers to "claims" pertaining to a number of people—there being approximately five vehicles involved in the accident—and advises the attorney that the entire file is being referred to the Judge Advocate General, Claims and Litigation Division. By letter dated March 11, 1965, the Assistant Director, Litigation and Claims Division, wrote to plaintiff's attorney, acknowledging receipt of the attorney's letter of January 4, 1965, and stated in part:

"In the event that claim forms for the use of your client have not been furnished you, we are enclosing a set. His formal claim may be forwarded directly to this office.

"Please be advised, however, that, for the reasons stated in the letter to you of March 1, 1965, it appears that the United States is not liable for the damage to the automobile of your client. Nothing contained herein shall be construed as an admission of liability on the part of the United States."

Apparently the foregoing letter dated March 11, 1965, was not received by plaintiff's attorney until after the attorney wrote to the Office of the Judge Advocate General on March 16, 1965. In the interim, plaintiff's attorney had received the letter of March 1, 1965, from the District Legal Officer written at the direction of the Commandant. The attorney's letter of March 16, 1965, makes no mention of the letter from the Office of the Judge Advocate General dated March 11, 1965, but it does refer to the District Legal Officer's letter. The attorney's letter takes issue

---

1. 28 U.S.C. § 2401(b) was amended July 18, 1966, but the amendment is not applicable to this case.

2. This letter summarizes the results of the investigation by the Navy. It pointedly states that the damage to plaintiff's

vehicle was the result of the ambulance, driven by Garrett, first striking the vehicle in front and, from the point of time, the subsequent striking of the ambulance by the Navy vehicle had nothing to do with plaintiff's damages.

with the Navy's investigation as to the cause of the action. The letter concludes as follows:

"We are diarying our file ahead for 30 days and we will appreciate you giving us an answer before that time. If we do not hear from you, we plan to file suit in this matter.

"We will look forward to hearing from you."

This is the last communication from plaintiff's attorney prior to filing this action on April 6, 1967—more than two years later. The claim forms forwarded to the attorney by the office of the Judge Advocate General were never completed and filed. However, we attach no significance to that fact as a claim had, in fact, been previously filed. The only possible significance would be that, if the claim forms had been completed and filed, it would have resulted in the claim being open, thus requiring further action by the Judge Advocate General.

By letter dated April 15, 1965, the Judge Advocate General acknowledged the attorney's letter of March 16. In part, the letter reads:

"Your letter was referred to the Commandant, Fourth Naval District. From the further report received from the Commandant and for the reasons stated by the Commandant in his letter to you of March 1, 1965, it appears that there were two collisions and the first collision, causing extensive property damage, was proximately caused by the negligent operation of the ambulance."

The above letter concluded the correspondence. There were no telephone communications or personal interviews.

We think that any reasonable person would conclude that, from the Government's standpoint, the claim was finally disposed of by a firm denial of liability. It was an unequivocal rejection of plaintiff's claim. The action could have been commenced at any time after the receipt of the last letter from the Office of the Judge Advocate General, but not later than two years after September 11,

1964. We are not concerned with any issue of tolling as, in any event, suit was filed well beyond the two year period provided by 28 U.S.C. § 2401(b).

In Rahman v. United States, 119 F. Supp. 406 (E.D.N.Y.1954), a similar question arose in a slightly different context. The Government there contended that the action was premature in that there had been no final disposition of the claim. In commenting upon the letter signed by the Acting Postmaster, Judge Rayfiel says:

"This letter identifies the accident referred to in the complaint, in effect denies liability, places the responsibility on the plaintiff and demands payment of the sum of $112.64 to cover damages sustained by the mail truck."

Holding that this constituted an unequivocal rejection of plaintiff's claim, the Government's motion to dismiss was denied.

Plaintiff relies upon Stever-Wolford, Inc. v. United States, 198 F.Supp. 166 (E.D.Pa.1961). We do not disagree with this ruling. The correspondence and personal interview definitely established that the claim remained under consideration until plaintiff's counsel withdrew same. That, however, is not the situation in the case at bar.

■ Since this cause of action arose subsequent to September 21, 1961, and the amendment to 28 U.S.C. § 2679(b), Gooden, the employee of the United States acting within the scope of his employment, cannot be successfully sued as the plaintiff's remedy is solely against the United States and, as indicated above, that remedy is time-barred.

■ While the action was properly removed from the state court, the only parties remaining are the plaintiff, Whealton, and the defendant, Garrett. Since the amount in controversy is insufficient, and the remaining parties are citizens and residents of Virginia, the case must be remanded to the state court by an appropriate order which shall include a finding that Gooden cannot be

sued in his individual capacity and that the action against the United States is barred. If the plaintiff is desirous of appealing from this action, the remand order shall be delayed pending such appeal.

The United States Attorney will prepare and present, after endorsement by counsel, an order consistent with this memorandum.