Margaret M. **LANDIS**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. No. 71–735Y.

United States District Court,
N. D. Ohio, E. D.

Jan. 18, 1972.

Robert Disbro, Cleveland, Ohio, for plaintiff.

Donald Jaffe, Asst. U. S. Atty., Fred Coleman, U. S. Atty., Cleveland, Ohio, for the United States.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

The United States has moved to dismiss this complaint for want of jurisdiction and because the complaint is barred by the statute of limitations. This complaint was filed under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. The accident in question allegedly occurred on August 26, 1969, and suit was filed on July 23, 1971.

Section 2675(a) of Title 28 requires that an administrative claim be first filed as a prerequisite before this Court may exercise its jurisdiction. It provides, *inter alia*: An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate federal agency. . . . The government contends that in order to satisfy the above requirement the plaintiff should use the Government's Standard Form 95 (Claim for Personal Injury or Property Damage). There is no requirement that any specific form be used, but the plaintiff is required to present her claim in whatever form to the appropriate agency within the time allotted.

Plaintiff filed a claim against the Post Office in which she alleged that she suffered personal injuries caused by the negligence of the Post Office Department in Youngstown, Ohio. However, she does not allege the amount of her monetary claim. Section 2675(b) provides that suit cannot "be instituted for any sum in excess of the amount of the claim presented to the federal agency. . . ." In the case at bar, since no monetary claim was made there is no way of determining whether the prayer on the complaint ($25,000.00) is in excess of the administrative claim.

The plaintiff relies on Whealton v. United States, 271 F.Supp. 770 (E.D. Va.1962), in that she claims it stands for the proposition that no specific form is required. This is correct as far as it goes. At the time of *Whealton*, Section 2401(b) did not require an administrative claim for all claims as a prerequisite to the institution of a suit. However, Section 2401(b) was amended in 1966 to require that all claims be submitted to the appropriate agency before resort would be had to the federal courts. This amendment applies directly to this case, while it did not apply to *Whealton*, 271 F.Supp. at 772, footnote 1 (E.D.Va.1967).

 Since no monetary claim has been filed, this Court must decide whether plaintiff's letter of December 10, 1969, complies with the requirements of the Federal Tort Claims Act. A claim without a prayer for damages is not a claim. Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971); Driggers v. United States, 309 F.Supp. 1377, 1379 (D.S.C.1970). A letter which complains of injury is notice of some sort, to be sure, but cannot be classified as an administrative claim.

Therefore, this claim is barred by the statute of limitations, 28 U.S.C. § 2401(b), in that an administrative claim has never been filed in the more than two years since the accident occurred.

Section 2401(b) provides:

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two

years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice if final denial of the claim by the agency to which it was presented."

Therefore, the necessary requirement is the filing of an administrative claim, not a suit in district court, within the two year limitation period. Since no monetary complaint was made against the federal agency, the plaintiff has not complied with the requirement of 28 U. S.C. § 2675(a) and, therefore, this complaint must be dismissed for want of jurisdiction.

It is so ordered.