Eugene **ROBINSON**

v.

**UNITED STATES NAVY.**

Civ. A. No. 72–331.

United States District Court,
E. D. Pennsylvania.

May 25, 1972.

Louis Matkoff, Matkoff & Shengold, Philadelphia, Pa., for plaintiff.

Carl J. Melone, U. S. Atty., C. Oliver Burt, III, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This is a Federal Tort Claims Act case. The case is now before the Court on the Government's Motion to Dismiss. The main thrust of the Government's contention is that the plaintiff failed to comply with the requirements of 28 U.S.C. § 2675(a) and therefore is precluded from bringing a civil action on this claim. 28 U.S.C. § 2675(a) reads as follows:

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, crossclaim, or counterclaim.".

The requirements of 28 U.S.C. § 2675(a) are jurisdictional and cannot be waived. Bialowas v. United States, 443 F.2d 1047 (3rd Cir., 1971); Landis v. United States, 335 F.Supp. 1321 (N.D. Ohio, 1972).

The pertinent facts of this case are as follows: On February 26, 1970 the plaintiff was involved in a collision with a U. S. Navy vehicle. Plaintiff contends that the driver of the Navy vehicle was responsible for the accident.

On March 2, 1970, the Navy sent plaintiff a Standard Form 95, which is the form the Navy provides for the purposes of making an administrative claim for damages in compliance with 28 U.S.C. § 2675(a). While it may be true that a valid administrative claim may be

asserted under § 2675(a) without using any particular form supplied by any particular agency, the plaintiff in this case asserted his claim only through the use of Form 95. Thus the question now before the Court is only whether or not plaintiff's Form 95 as it was submitted to the Navy constituted a sufficiently detailed notice to the Navy of the plaintiff's assertions that the plaintiff can be said to have presented his claim to the appropriate Federal agency within the terms of § 2675(a).

On April 21, 1970, plaintiff returned his Form 95 to the Navy. It was only partially completed. As returned, plaintiff's form stated a definite amount for damages to his automobile, but listed the sum of his personal injury as "unknown", and totaled his claim against the Government as "2,135.45 plus personal injury". Thus the form failed to state damages in a definite amount. Further, plaintiff did not enclose two estimates by "reliable disinterested concerns" supporting the extent of his property damage, as required by the form, nor did the plaintiff enclose any medical documentation to support a personal injury claim as required by the form. Lastly, plaintiff did not include the information required by the form relating to his insurance coverage.

On May 4, 1970, the defendant wrote to the plaintiff's attorney returning the Form 95, noting that it was incomplete and requesting that it be properly filled out.

Even though the defendant made an effort to point out the plaintiff's error, and even though the form was returned to plaintiff's attorney with specific notation that it was incomplete, the form was resubmitted on January 26, 1972, again incomplete as noted above, except that the name of plaintiff's insurance carrier was given, along with the information that plaintiff had filed no claim with his insurance carrier concerning the February 26, 1970 accident.

Plaintiff submitted Standard Form 95 to the Navy twice, apparently with benefit of counsel on at least the second try, and neither time made out a proper and sufficient administrative claim. The purpose of 28 U.S.C. § 2675(a) is to spare the Court the burden of trying cases when the administrative agency can settle the case without litigation. The information which the plaintiff omitted from his Form 95 was necessary to allow the administrative agency to evaluate the claim. A claim which does not set out the amount of damages sought is not a claim. Driggers v. United States, 309 F.Supp. 1377 (D.C.S., 1970); Bialowas v. United States, supra.; Landis v. United States, supra. In this case, there was no definite amount claimed for personal injuries, and no medical records or bills to support such a claim or aid in estimating its size. While it is true that a definite amount of property damage was claimed, the required supporting documents were not provided. Even if they had been provided, however, this Court is of the opinion that the requirement that a definite amount be stated must be applied to the claim as a whole, and not merely to a part of it. The amount of litigation would not be cut down by administrative disposal of half a claim, and even if it might, the agency should not be asked to settle half a claim, without some idea of the extent of the other half. Therefore, this Court finds that no valid administrative claim pursuant to 28 U.S.C. § 2675(a) has been filed by plaintiff in this case.

Ordinarily, failure to file such an administrative claim is grounds for dismissal without prejudice. In the present case, however, the two year statute of limitations on such claims created by 28 U.S.C. § 2401 ran on February 26, 1972. When a sufficient administrative claim is not filed with the proper agency within the statutory period, the claim is barred. *Bialowas*, Supra., *Driggers*, Supra., *Landis*, Supra.

If plaintiff's administrative claim was insufficient through his own negligence, he must suffer the consequences. If it was insufficient through the negligence

of his attorney, he may look to his attorney for recovery. In any event, since a proper administrative claim was not filed within the period of the applicable statute of limitations, plaintiff's cause of action against the United States Navy is forever barred.