**Mitchell MUDLO and Anna Mae Mudlo, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 76–1009.**

United States District Court, W. D. Pennsylvania.

Dec. 23, 1976.

Philip A. Faix, Jr., Pittsburgh, Pa., for plaintiffs.

Judith K. Giltenboth, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

SNYDER, District Judge.

Mitchell Mudlo and his wife, Anna Mae, brought a damage action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 1346 and § 2671 *et seq.*, for serious injuries suffered by the husband when struck by a moving overhead electrical crane on the premises of the Deitch Company, his employer. The Government has moved for summary judgment and the Motion must be granted.

Plaintiffs' original Complaint was dismissed without prejudice as being prematurely filed since Plaintiffs' claims in the form of their counsel's letter had not been denied by the Occupational Safety and Health Administration (OSHA) nor had six months expired since the presentation of their claim. A reading of 28 U.S.C. § 2675(a), as well as 28 C.F.R. Part 14, mandated this decision. (*See Mudlo v. U. S.*, Civil Action 76–134, W.D.Pa.).

On August 5, 1976, Plaintiffs reinstituted the suit alleging that OSHA had failed to act on their claim within six months of December 5, 1975, and this constituted a denial within the meaning of 28 U.S.C. § 2675(a). The Government makes the following contentions:

1. That the wife, Anna Mae Mudlo, failed to present any claim to an Administrative Agency within the statutory period of limitations, and her claim must be dismissed.

2. Mitchell Mudlo failed to make a good faith effort toward the administrative adjudication of his claim and is barred from relief in the District Court.

Alternatively, the Government submits that the case should be remanded to the agency for an administrative review of the claim once the Plaintiffs file supporting documents and a statement of the extent of injuries.

### THE ANNA MAE MUDLO CLAIM

Title 28 U.S.C. § 2675(a) provides:

"(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any `employee of the Government while acting within the

scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

■ Anna Mae Mudlo admits that she has never filed a claim. She takes the position that the statute does not require a person other than the one directly injured to file said claim.

Circuit Judge Rosenn speaking for our Circuit in *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971) stated as follows (at 1048–50):

"As a sovereign, the United States is immune from suit save as it consents to be sued. The terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Although the Federal Tort Claims Act allows suits against the Government for torts committed by its employees while in the scope of their employment, it specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the Act. This requirement is jurisdictional and cannot be waived. *Driggers v. United States*, D.C.[S.C.], 309 F.Supp. 1377 (1970). The head of each federal agency, or his designee for the purpose, is authorized, in accordance with regulations prescribed by the Attorney General, to process and settle claims within fixed monetary limits against the United States for injury or damage caused by any employee of the agency while acting within the scope of his employment.

Title 28 of the Code Federal Regulations, Chapter 1, Part 14 'Administering Claims under the Federal Tort Claims Act' § 14.2 provides:

'For purposes of the provisions of section 2672 of Title 28, a claim shall be deemed to have been presented when a federal agency receives from a claimant, his duly authorized agent or representative, an executed Standard Form 95 or other written notification of an incident, *accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident * * *' (Emphasis added)

Unless a tort claim is submitted to the appropriate federal agency within two years after the claim accrues or unless action is begun within six months of final denial of the claim by the agency to which it was presented, it is forever barred by 28 USCA § 2401(b), as amended July 18, 1966, Pub.L. 89–506, § 7, 80 Stat. 307. Since four years have passed since Bialowas was injured, his right of action against the Government will have lapsed unless he can show that he submitted a valid claim to the Post Office Department."

\* \* \* \* \* \*

"We find no merit to appellant's further contention that even if an administrative claim was not presented, exceptional circumstances exist which excuse his failure to exhaust administrative remedies. It may be that appellant did in fact sustain personal injury and property damage at the hands of a Government employee. Though sovereign, the Government considerately provided him with convenient and expeditious machinery for settlement of his alleged damages and injuries. Unfortunately for him, he repeatedly disregarded written and oral instructions and eventually became the architect of his own misfortune." [Footnotes omitted]

■ By enacting the Federal Tort Claims Act, the United States defined the conditions and limitations under which suits are permitted and having seen fit to impose conditions and limitations on the right to be sued, these must be observed and exceptions thereto are not to be implied. *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957); *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d

244 (1967); *Turtzo v. United States,* 347 F.Supp. 336 (E.D.Pa.1972).

The requirement of Title 28 U.S.C. § 2675(a) that a claim under the Federal Tort Claims Act must first be submitted to the proper administrative agency is aimed at sparing the courts the burden of trying cases when an administrative agency can provide a settlement procedure without litigation. *Robinson v. United States Navy,* 342 F.Supp. 381 (E.D.Pa.1972).

The Defendant's Motion for Summary Judgment must therefore be granted as to Anna Mae Mudlo.

### THE MITCHELL MUDLO CLAIM

Mitchell Mudlo, through his attorney, sent a letter to OSHA (a copy of which is attached hereto as Appendix A) relative to injuries resulting from an accident on March 22, 1974, making a demand for a million dollars and promising to send medical specials as they were obtained. No further communication between OSHA and Mitchell Mudlo took place. Mudlo contends the injuries were the result of being hit by an overhead crane on the premises of the Deitch Company and that prior thereto employees of OSHA conducted a series of inspections of the crane during the month of February, 1974, finding numerous violations of the Act, but then failed to order the Deitch Company to reconstruct it in accordance with their findings and powers under OSHA. As a direct and proximate result of this alleged negligence of these employees of the Government, Mitchell Mudlo claims to have suffered injuries.

The Government contends that Mitchell Mudlo has never made a good faith effort to advise the agency of his claim and is thereby prevented from administrative review of the claim; that summary judgment must be granted in its favor. The Government admits the instant case does not involve the "sum certain requirement" (Brief, p. 5) but on the contrary contends that the case *sub judice* involves the principle that a claim sufficient to notify the agency was never filed.

Again referring to *Robinson v. United States Navy, supra,* it is noted that the plaintiff there submitted his claim against the Government as property damage in the amount of "$2,135.45 plus personal injury". Further, the plaintiff there did not disclose two estimates by "reliable disinterested concerns" supporting the extent of his property damage, as required by the form, nor did the plaintiff enclose any medical documentation to support a personal injury claim as required by the form. Lastly, the plaintiff did not include information required by the form relating to his insurance coverage. The court goes on to note that even though the defendant made an effort to point out the plaintiff's error, and even though the form was returned to plaintiff's attorney with specific notation that it was incomplete, the form was resubmitted, again incomplete, and the court in an opinion by Judge Newcomer with which we are in complete accord stated as follows (at pp. 383–84):

". . . The information which the plaintiff omitted form his Form 95 was necessary to allow the administrative agency to evaluate the claim. A claim which does not set out the amount of damages sought is not a claim. *Driggers v. United States,* 309 F.Supp. 1377 (D.S.C., 1970); *Bialowas v. United States, supra; Landis v. United States, supra* [335 F.Supp. 1321, D.C.Ohio]. In this case, there was no definite amount claimed for personal injuries, and no medical records or bills to support such a claim or aid in estimating its size. While it is true that a definite amount of property damage was claimed, the required supporting documents were not provided. Even if they had been provided, however, this Court is of the opinion that the requirement that a definite amount be stated must be applied to the claim as a whole, and not merely to a part of it. The amount of litigation would not be cut down by administrative disposal of half a claim, and even if it might, the agency should not be asked to settle half a claim, without some idea of the extent of the other half. Therefore, this Court finds

that no valid administrative claim pursuant to 28 U.S.C. § 2675(a) has been filed by plaintiff in this case.

Ordinarily, failure to file such an administrative claim is grounds for dismissal without prejudice. In the present case, however, the two year statute of limitations on such claims created by 28 U.S.C. § 2401 ran on February 26, 1972. When a sufficient administrative claim is not filed with the proper agency within the statutory period, the claim is barred. *Bialowas*, Supra, *Driggers*, Supra, *Landis*, Supra.

If plaintiff's administrative claim was insufficient through his own negligence, he must suffer the consequences. If it was insufficient through the negligence of his attorney, he may look to his attorney for recovery. In any event, since a proper administrative claim was not filed within the period of the applicable statute of limitations, plaintiff's cause of action against the United States Navy is forever barred."

*See Jordan v. United States*, 333 F.Supp. 987 (E.D.Pa.1971), *aff'd.*, 474 F.2d 1340 (3d Cir. 1973); and *Kornbluth v. Savannah*, 398 F.Supp. 1266 (E.D.N.Y.1975). *See also Avril v. United States*, 461 F.2d 1090, 1091 (9th Cir. 1972) (where the court said of a blank claim "unless it is a claim *for* something, [it] is no claim at all.")

It seems to this Court that if one wants to make a claim not on the usual form, then the claimant had better make sure that the claim provides the necessary information to indicate the basis for the demand. Here, Mitchell Mudlo did not present a sufficient claim within the statu-

tory limitations upon which the agency could take any action, and the Motion for Summary Judgment must be granted as to Mitchell Mudlo.[1]

Even if Mitchell Mudlo were within the statutory period, a serious question is raised as to whether the Federal Tort Claims Act applies to OSHA. Our previous discussion would not be necessary if we were to specifically adopt the holding of the Eighth Circuit in *Davis v. United States*, 536 F.2d 758 (8th Cir. 1976), *affirming* 395 F.Supp. 793 (D.Neb.1975). In that case, the Circuit Court held that the Federal Tort Claims Act did not apply to OSHA when the

> "[p]laintiff alleged that the decedent's death was proximately caused by the negligence of an employee of the Occupational Safety and Health Administration (OSHA), who, on June 9, 1972, had inspected the construction site, had issued a 'Citation for Serious Violation' to the contractor ordering correction of dangerous conditions of the trench, and who had negligently failed to arrange for or make a follow-up inspection to determine whether corrective measures had been taken or to take appropriate action to close down the trench." (at p. 759).

The case was dismissed on the grounds that the Federal Tort Claims Act is limited to ordinary common law tort claims, and since the duties required of OSHA officers are federally imposed and have no counterparts cognizable under Nebraska law, the court lacked jurisdiction.[2]

We note further that in *Fisher v. United States*, 441 F.2d 1288 (3d Cir. 1971), the plaintiff sought recovery on the basis that the Government retained the right to re-

---

**1.** Therefore, in addition to the reasons already given for the dismissal of Anna Mae Mudlo's claim, she could not use her husband's action in district court to circumvent the requirement that she file a claim with OSHA before she can sue, since Mitchell's claim is not properly before us, either.

**2.** *See Toppi v. United States*, 327 F.Supp. 1277 (E.D.Pa.1971), holding that Pennsylvania recognizes a cause of action (since Pennsylvania adopted Restatement (Second), 324A (1965)) against a person who negligently renders a

service and whose negligence results in a third person's injury. In that case, the court held that the federal inspectors involved were under a duty to "*preven[t]* the improper and unsafe incineration of the chemicals involved in production," (p. 1278, emphasis added) and that a cause of action existed for the inspectors' failure to inspect properly. Here, there is no allegation that there was improper inspection but that there was an improper *enforcement*, and that is not the "service" OSHA renders, 29 U.S.C. §§ 658 and 659.

quire adherence to certain safety regulations and to inspect the site for compliance with its contracts. Circuit Judge Staley, speaking for the Court, stated as follows (at p. 1292):

"Fisher, while placing primary reliance on § 318, contends that the judgment against the United States can also rest on principles of vicarious liability. He argues that the Government is liable vicariously for the negligence of its independent contractors, who failed to warn him, because the Government had retained control over the work and safety practices of its contractors and thus shares the responsibility for their negligence. . . . [T]he United States may not be held liable for injuries to workmen on Government job sites merely because it retains the right, and actually undertakes, to require adherence to safety regulations and to inspect for compliance with its contract."

However, we need not reach the issue of the Federal Tort Claims Act's applicability to OSHA since the notice of claim was so patently defective in this case.

An appropriate Order will be entered.

## APPENDIX A

December 5, 1975

Occupational Safety & Health
Administration
Room 802, Jonnet Building
4099 William Penn Highway
Monroeville, PA 15146

In re: Claim of Mr. Mitchell Mudlo under
28 U.S.C. Section 2675

Gentlemen:

We represent Mr. Mitchell Mudlo who was injured on or about March 22, 1974, while he was employed at the Deitch Company at Sharpsburg, Pennsylvania.

Mr. Mudlo was injured severely on that occasion when he was struck by a moving overhead crane which was manufactured by Reading Company, approximately ten years ago. At the time and place of the above accident, Mr. Mudlo and a fellow employee were working on the installation of railing and steps on the crane platform. Mr. Mudlo was doing the fabricating and his fellow worker the welding. The two workers did not see, and due to the noise and other commotion in the working area, did not hear the approaching overhead crane.

It is our understanding as a result of on-site inspection at the place of the above mentioned accident prior to its occurence conducted by your employees, inspectors, and technicians acting within the scope of their authority and employment that you were aware among other factors that the cab of the moving crane had no side mirrors whereby its operator could have seen the area otherwise inaccessible to his field of vision and that such crane had no sounding device to warn others it was approaching. This situation was not corrected subsequent to your inspection and prior to the accident, and in fact you negligent actions worsened the already hazardous situation.

The express purpose of this letter is to comply with the submission of administrative claims provision of the Federal Tort Claims Act, particularly 28 U.S.C. Section 2675 which requires us to apprise you of the existence of the claim and give you the opportunity to settle it without the necessity of our filing a complaint.

We understand that the Occupational Safety and Health Administration is a "Federal agency" under the Federal Tort Claims Act, within the meaning of 28 U.S.C. Section 2671. If you disagree, inform us *immediately* of your legal position and the basis therefor.

Our demand for settlement of the above claim is $1,000,000.00. Since the State of Limitations runs in March, 1976, it is necessary for us to file a complaint in January of 1976. We will supply you with the specials as we obtain them.

Very truly yours,

S/ John Alan Conte
John Alan Conte

JAC/klm

CERTIFIED MAIL