James N. CUMMINGS, Louise C. Cummings, and Jimmie L. Cummings, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CV 76–53–GF.

United States District Court, D. Montana, Great Falls Division.

April 12, 1978.

---

Jack R. Harper, Smith & Harper, Helena, Mont., for plaintiffs.

Lorraine D. Gallinger, Asst. U.S. Atty., Butte, Mont., for defendant.

## OPINION

RUSSELL E. SMITH, Chief Judge.

A motion for summary judgment against the claimants has been granted in this federal tort claims case. This opinion states the reasons.

A claim on Form 95 was filed with the Department of the Air Force stating that the defendant negligently had exposed the plaintiffs to radiation emanating from the United States Air Force Weapons Laboratory near Cascade, Montana. The claim, filed in November 1974, asked for $750,-000.00 and stated, over the signature of James N. Cummings:[1]

My wife and I were living near I–6 in Cascade Montana during the above dates and without any warning of any type by any person or persons I was exposed to electro magnetic radiation which has caused permanent injuries to my central nervous system, digestive system and other body symptons (sic).

There was nothing in the claim which in any way supported the assertion of exposure or causation, and absolutely nothing from which damage could be determined.

The Federal Tort Claims Act, 28 U.S.C. § 2672, specifically provides that each federal agency shall consider and determine tort claims "in accordance with regulations prescribed by the Attorney General." The Attorney General, acting under this statutory authority, promulgated regulations.[2] These regulations are valid. *Caton v. United States,* 495 F.2d 635 (9th Cir. 1974). 28 C.F.R. § 14.4 gives each agency the authority to require that a claimant submit evidence relating to the cause of the injury and the damage resulting from it.

The Air Force, acting under the authority of 28 C.F.R. § 14.4, requested additional information as to the facts of the injury and damage. No facts were furnished; no excuses were made; and no additional time was requested within which to act.[3]

■ On April 5, 1976, there was before the Air Force nothing other than the claim itself, and on that date the claim was denied and the following explanation given:

This denial is based on a lack of evidence to support any of the allegations raised in the claims. Despite a request to you from Captain Haley, Claims Officer at Malmstrcm Air Force Base, you failed to supply the information required to be justify the claim, there was nothing which could be supplied to the Air Force to show that claimant did suffer radiation damage as a result of federal action or that some specific information from treating doctors as to the extent of damage could not be given; but even if the whole matter was totally obscure, there was no effort made to obtain further time within which to present the matter to the Air Force. Nothing said here bears upon what a court might do were an agency arbitrary in its denial of legitimate requests for extensions of time in a case of this kind.

---

1. Separate claims were filed on behalf of James N. Cummings, Louise C. Cummings, and Jimmie L. Cummings. The facts with respect to the claims of Louise C. Cummings and Jimmie L. Cummings are substantially identical to the facts with respect to James N. Cummings.

2. 28 C.F.R. §§ 14.1–14.11.

3. It is now urged that the proof of causation in the field of magnetic radiation was obscure; that expert testimony was needed; that time was needed; that money was short. It seems unlikely that, if there was sufficient proof of radiation and its effects on the human body to

submitted with the claims by 28 CFR 14.4. Accordingly, there is no way that we can possibly evaluate these claims at the administrative level.

Except that there may be no federal tort action where there has been a failure to make an administrative claim, the Act does not specifically authorize sanctions for a failure to follow regulations. The question here is whether a court may impose the sanction of dismissal where a claimant has failed to provide an agency with the information required by 28 C.F.R. § 14.4. It is clear that, where there has been a failure to state a sum certain in compliance with 28 C.F.R. § 14.2, a court may dismiss an action. *Caton v. United States,* 495 F.2d 635 (9th Cir. 1974); *Avril v. United States,* 461 F.2d 1090 (9th Cir. 1972). The same authority which spawned 28 C.F.R. § 14.2 spawned 28 C.F.R. § 14.4, and certainly the statement of need for information not contained on the claim form is as vital to the intelligent exercise of administrative power as is the statement of a sum certain.

■ It was the intention of Congress that tort claims be administratively settled if possible. This purpose would be frustrated by a claimant who, after filing a Form 95 containing a minimum statement, deliberately failed to respond to the agency's request for supporting data and then, on the denial of the administrative claim, went to the courts for relief.[4]

For these reasons the court has granted summary judgment against the claimants.

The result reached here is in accord with *Kornbluth v. Savannah,* 398 F.Supp. 1266 (E.D.N.Y.1975); *Robinson v. United States Navy,* 342 F.Supp. 381 (E.D.Pa.1972).[5]

---

4. This court does not reach the problem which would be raised if an agency should, after receiving additional information, decide that it was insufficient and dismiss the claim for failure to produce evidence rather than on the merits. In this case, on the basis of what was before it, the Air Force could not determine the merits of the claim.

5. Note that this court, in *Fallon v. United States,* 405 F.Supp. 1320 (D.Mont.1976), was in disagreement with *Robinson v. United States Navy,* 342 F.Supp. 381 (E.D.Pa.1972), as to whether a "sum certain" had been stated under 28 C.F.R. § 14.2.