John L. COLLINS and Ruby Collins, his wife, Plaintiffs,

v.

GENERAL MOTORS CORPORATION, Defendant.

John L. COLLINS and Ruby Collins, his wife, Plaintiffs,

v.

AVIS RENT–A–CAR, INC., Original Defendant,

v.

GENERAL MOTORS CORPORATION, Additional Defendant.

John L. COLLINS and Ruby Collins, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 82–655, 82–813 and 82–916.

United States District Court, W.D. Pennsylvania.

Nov. 2, 1982.

See also D.C.Pa., 101 F.R.D. 4.

Samuel P. Kamin and Howard M. Louik, Pittsburgh, Pa., for Collins.

Asst. U.S. Atty. Judith K. Giltenboth, Pittsburgh, Pa., for U.S.A.

Eric M. Anderson and Thomas A. Lazaroff, Pittsburgh, Pa., for General Motors Corp.

Gerald F. Hutton, Pittsburgh, Pa., for Avis Rent-A-Car, Inc.

## MEMORANDUM OPINION

BLOCH, District Judge.

Plaintiffs, John L. Collins and Ruby Collins, filed a federal tort action against the Veterans Administration pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Plaintiff-husband, a Pennsylvania domiciliary, seeks recovery for personal injury and property damage allegedly sustained as a result of a collision on March 17, 1980, between plaintiffs' automobile and a vehicle owned by Lombardo Companies, Inc., a Pennsylvania corporation, leased through Avis Rent-A-Car to the Veterans Administration, and operated by a Veterans Administration employee. Plaintiff-wife seeks loss of consortium. The United States, in Civil Action No. 82–916, moves for dismissal of the complaint as to Ruby Collins alleging lack of subject matter jurisdiction because Ruby Collins failed to present her claim to the Veterans Administration as required by 28 U.S.C. § 2675(a). In addition, the government moves for dismissal or, in the alternative, summary judgment on the grounds that (1) plaintiff is not the real party in interest but rather Keystone Insurance Company, plaintiff's insurer, is; and (2) plaintiff has failed to join parties indispensable to the action, namely Lombardo Companies, Inc., the owner of the van. Having reviewed the bases for said motions, this Court will grant the motion to dismiss Ruby Collins' complaint without prejudice and deny the motion to dismiss the complaint of the husband-plaintiff.

*I.  Motion to Dismiss Complaint of Ruby Collins*

As stated, plaintiff John Collins was involved in an accident which allegedly resulted in personal injuries and property damage. On October 15, 1981, John L. Collins submitted an administrative claim on Standard Form 95 to the Veterans Administration. John Collins is listed as the claimant in the appropriate place but Ruby Collins is not listed as a claimant. Furthermore, in the description of the accident, John L. Collins is singularly referred to as the "Claimant," and the injuries for which compensation is requested do not include a claim for any loss by Ruby Collins. Finally, Ruby Collins' signature does not appear on the form, and the only reference to her is as the wife of the claimant. Included with this form was a cover letter from plaintiffs' attorney, Howard M. Louik, which captioned the claim as *John L. Collins, et ux. v. Veterans Administration.*

On April 23, 1982, the Veterans Administration issued an administrative denial of John Collins' claim. Following denial of the administrative claim, plaintiffs John L. Collins and Ruby Collins commenced this action pursuant to 28 U.S.C. § 2675(a).

The government argues that this Court has no subject matter jurisdiction with regard to Ruby Collins because she failed to file an administrative claim before instituting a claim for damages as required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a), which provides as follows:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall

have presented the claim to the appropriate Federal agency....

Furthermore, the Third Circuit, in *Bialowas v. United States,* 443 F.2d 1047, 1048–1049 (3d Cir.1971), concluded that the requirement of "initial presentation of the claim to the appropriate federal agency and a final denial by that agency ... is jurisdictional and cannot be waived."

In *Mudlo v. United States,* 423 F.Supp. 1373 (W.D.Pa.1976), the district court granted summary judgment in favor of the government due to plaintiff-wife's failure to file an administrative claim. In so holding, the district court relied upon *Bialowas* for the proposition that no exceptions to the requirement of filing a claim are to be implied. *See Mudlo,* 423 F.Supp., at 1375. *See also Commonwealth of Pennsylvania v. National Association of Flood Insurers,* 520 F.2d 11, 23 (3d Cir.1975). ("[e]ach claimant must submit an independent and separate claim to the appropriate administrative agency for review and possible settlement.")

■ Plaintiffs attempt to distinguish *Mudlo* factually by claiming that Ruby Collins was properly identified as a claimant through the inclusion of "et ux." in the cover letter sent by counsel. Plaintiffs contend this was sufficient to put the Veterans Administration on notice that a claim for loss of consortium was being brought by Ruby Collins. However, this caption does not sufficiently serve the requirement and purpose behind having each claimant file his or her own form; namely, to allow the governmental agency to identify each claimant, the sum sought, and the injury claimed. *Lunsford v. United States,* 570 F.2d 221, 225 (8th Cir.1977).

■ In the alternative, plaintiffs contend that since plaintiff-husband's claim was properly submitted and plaintiff-wife's claim for loss of consortium is derivative of her husband's action, she need not file a separate claim. Despite the fact that Ruby Collins' right to compensation for loss of consortium would not exist but for the injuries to John Collins, the law of Pennsylvania confers separate and distinct rights upon husband and wife and requires that

they be sued for in separate actions upon which separate verdicts must be returned. *Nunamaker, et ux v. New Alexandria Bus Co.,* 371 Pa. 28, 88 A.2d 697 (1952). Thus, plaintiff Ruby Collins' failure to file an administrative claim prior to commencing suit divests this Court of jurisdiction under the Federal Tort Claims Act.

## II. Motion to Dismiss the Complaint of John Collins

The government filed a second motion to dismiss, alleging that the plaintiff-husband is not the real party in interest because his insurer, Keystone Insurance Company, has paid all or part of his claim. The defendant cites *United States v. Aetna Casualty and Surety Co.,* 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949), which holds that if an insurer has paid the entire loss, then it is the only real party in interest. However, the Supreme Court noted that if the insurer has only paid a portion of the loss, both insured and insurer are real parties in interest. *Id.* at 381–382, 70 S.Ct. at 215–216.

■ When confronted with a motion to dismiss, the Court must construe the allegations of the complaint as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). From the pleadings, it appears that plaintiff is claiming $106,235.80 in damages of which $27,145.96 has been paid. Therefore, Collins retains a significant stake in this litigation, which qualifies him as a real party in interest.

■ Finally, the government argues that plaintiff John L. Collins has failed to join parties indispensable to this action. Initially, the government alleged plaintiff's failure to join Avis Rent-A-Car, General Motors and Lombardo. Since the consolidation of plaintiff's federal court actions, only Lombardo remains to be joined. Under Fed.R.Civ.P. 19(a), it appears that Lombardo is a party who should be joined if feasible. Lombardo, as owner/lessor, is arguably responsible for the maintenance and repair of the Veterans Administration van which was involved in the accident. Thus, Lombardo may be subject to liability for the accident. However, plaintiff has no

**4**

jurisdictional basis for the joinder of Lombardo because John Collins and Lombardo are both Pennsylvania domiciliaries.

Since joinder of Lombardo by plaintiff is not feasible, Fed.R.Civ.P. 19(b) governs the determination as to whether Lombardo is indispensable. Fed.R.Civ.P. 19(b) provides as follows:

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

The Supreme Court analyzed Rule 19(b) in great detail in *Provident Tradesman Bank and Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). The Court's first concern was the plaintiff's interest in having a forum. The Court noted that "[t]he strength of this interest obviously depends upon whether a satisfactory alternative forum exists." *Id.* at 109, 88 S.Ct. at 738.

In the instant case, the plaintiff's forum has been dictated by the Federal Tort Claims Act, which provides that the district court has exclusive jurisdiction over cases involving the federal government. 28 U.S.C. §§ 1346(b) and 2675(a). Thus, if the Court were to dismiss this action for failure to join Lombardo, Collins would have no forum in which to pursue his claim against the United States.

This factor alone leads the Court to conclude that plaintiff's action against the government should not be dismissed. If it appears that a judgment in the absence of Lombardo will prejudice the government's interests, then the government, if it is unable to implead Lombardo, may request this Court to include protective provisions in the judgment which will avoid such prejudice. *See* Fed.R.Civ.P. 19(b); *Provident Tradesman Bank*, 390 U.S., at 111–112, 88 S.Ct., at 738–739.

*Conclusion*

For the reasons set forth above, the Court will grant the motion to dismiss the complaint of Ruby Collins and deny the motion to dismiss the complaint of John L. Collins.

Appropriate Orders will be issued.