**In re Rosalie GOSHA a/k/a Rosalie Dolford, Debtor.**

**Rosalie GOSHA, Plaintiff,**

v.

**FEDERAL NATIONAL MORTGAGE AS-SOCIATION, and Samuel R. Pierce, Jr., Secretary, United States Department of Housing and Urban Development, and James J. O'Connell, Chapter 13 Trustee, Defendants.**

**Bankruptcy No. 85–03790G.
Adv. No. 85–0844G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 8, 1986.

Alan M. White, Community Legal Services, Inc., Philadelphia, Pa., for debtor/plaintiff Rosalie Gosha a/k/a Rosalie Dolford.

Gary E. McCafferty, Joseph A. Goldbeck, Jr., Philadelphia, Pa., for defendant, Federal Nat. Mortg. Ass'n.

Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., and Karen S. Berger, Peter M. Campanella, Office of the Regional Counsel, Dept. of HUD, Philadelphia, Pa., for defendant, Samuel Pierce, Secretary U.S. Dept. of HUD.

James J. O'Connell, Philadelphia, Pa., Chapter 13 standing trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The query here presented is whether a debtor has a cause of action under the Federal Tort Claims Act ("FTCA") or the

Administrative Procedures Act ("APA") due to the failure of the United States Department of Housing and Urban Development ("HUD") to decide whether to accept assignment of the debtor's mortgage prior to foreclosure of that mortgage. On the basis of the reasons expressed below, we conclude that no cause of action is present.

The facts of this case are as follows:[1] In March of 1983, the debtor filed a petition for the repayment of her debts under chapter 13 of the Bankruptcy Code ("the Code"). Prior to that time, she resided on a parcel of improved realty which was encumbered by a mortgage held by the Federal National Mortgage Association ("FNMA"). The debtor having defaulted on the mortgage, FNMA sent the debtor the second of two letters explaining to her certain avenues of recourse. More particularly, the letters stated that if she wished to save her home through assignment of the mortgage to HUD she would have to contact HUD within 15 days of the date of the letter. Through the missive she was also informed that, in the absence of contacting HUD, FNMA would ultimately foreclose on the mortgage. Notwithstanding the information in the letters, the debtor chose the filing of a chapter 13 petition shortly thereafter to forestall the foreclosure.

The debtor thereupon wrote to HUD requesting that that agency accept her application for an assignment of her mortgage. Although the application was filed more than two years late, HUD accepted it under its "good cause" exception to its rule of timely filing. Before HUD reviewed the merits of the application, FNMA completed foreclosure of the mortgage and the property was sold at sheriff's sale to FNMA.

The debtor filed the instant complaint against FNMA and the secretary of HUD, requesting that they restore to her legal title to the property and "reverse HUD's decision to deny [her] an assignment of the mortgage." In the alternative, the debtor requested damages. The causes of action presented by the debtor arise under (1) the FTCA, (2) the APA, and (3) 11 U.S.C. § 548 of the Code. We are confronted with these causes of action through HUD's motion for dismissal, or alternatively, for summary judgment on the three causes of action.

█ As stated above, the first cause of action is under the FTCA. This statute authorizes the institution of suit by tort victims against the United States under certain circumstances. Since the FTCA is a partial abrogation of the common law limitation of sovereign immunity, our jurisdiction to hear this cause of action is defined by the consent of the United States. "By enacting the FTCA, the United States defined the conditions and limitations under which suits are permitted, and having seen fit to impose conditions and limitations on the right to be sued, these must be observed and exceptions thereto are not to be implied." *Mudlo v. United States*, 423 F.Supp. 1373, 1375 (W.D.Pa.1976). At issue here is the requirement that a plaintiff must first present his claim to the appropriate federal government agency and have that claim denied prior to the institution of suit under the FTCA. 28 U.S.C. § 2675(a). As stated in § 2675(a):

§ 2675. Disposition by federal agency as prerequisite; evidence

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented

---

**1.** In adjudicating a motion to dismiss a complaint for failure to state a cause of action upon which relief can be granted, we must view the facts in the manner most favorable to the plaintiff. We can grant such a motion only if it appears certain that the plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 2A *Moore's Federal Practice* 12.08 (2d ed. 1982).

the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaints, cross-claim, or counterclaim.

28 U.S.C. § 2675(a). The debtor contends that her claim was finally denied within the meaning of § 2675(a) when HUD sent her an uncertified letter refusing relief. The clear language of the statute requires that the denial be by certified or registered mail. Hence, due to the lack of an essential condition precedent, the debtor cannot successfully maintain the instant cause of action. As to this cause of action we will accordingly grant HUD's motion to dismiss.

The debtor's second cause of action is brought under the APA, under which an individual, aggrieved by the action of a federal agency, may seek redress within the scope of the statute. Under this statute the debtor contends that she is entitled to judicial recourse due to HUD's alleged decision not to accept the assignment of the mortgage. HUD contends that it merely failed to decide the question of whether to accept the assignment prior to the sheriff's sale of the property and that this type of inaction is not reviewable under the APA. In support of its argument, it quotes a portion of the APA:

§ 702. Right of review

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

\* \* \* \* \* \*

5 U.S.C. § 702. We also quote another section of the APA:

§ 706. Scope of review

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5 U.S.C. § 706.

■ Under 5 U.S.C. § 706(1) it appears that an agency's inaction may be redressable under the APA but only if the action was "unlawfully withheld or unreasonably

delayed." The debtor has not averred that HUD unreasonably delayed in deciding the merits of the debtor's application for an assignment of the mortgage. Nor has the debtor advanced any argument that HUD "unlawfully withheld" action. Thus, we conclude that the debtor's cause of action under the APA is without merit and we will grant HUD's motion to dismiss this cause of action.

On the third cause of action, which arises under 11 U.S.C. § 548(a) HUD requests its dismissal from this action on the condition that it place title to the property at issue in escrow. That section reads:

§ 548. Fraudulent transfers and obligations

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

Although HUD's basis for dismissal is reasonable in light of the proffered condition, we will deny the request since we prefer to have HUD's aid in resolving this controversy.

We will, accordingly, enter an order granting HUD's motion for dismissal of the first and second causes of action, but will deny its motion for dismissal of the third cause of action which is predicated on 11 U.S.C. § 548.

